CITY OF HOUSTON, Appellant,

v.

Thomas and Chorlottiea HARRIS, Individually and as Next Friend of Joshua Harris, a Minor, Appellees.

No. 14–04–01179–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 16, 2006.

Rehearing Overruled April 13, 2006.

---

**17.** *See* Tex. Transp. Code Ann. §§ 550.021, .023.

Rosemary Sylvia Ward, Andrea Chan, Houston, for appellants.

Darrell Mark Steidley, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## MAJORITY OPINION

EVA M. GUZMAN, Justice.

This is the second time that this case has been before us on the City of Houston's ("City") plea to the jurisdiction. In our previous opinion (*Harris I* ),[1] we held that plaintiffs Thomas and Chorlottiea Harris, suing individually and on behalf of their minor son Joshua (collectively, "plaintiffs"), had stated a claim under the Texas Tort Claims Act for a defective condition of tangible personal property. We now review the trial court's denial of the City's second plea to the jurisdiction. Because the record evidence shows that plaintiffs do not have a claim under the Texas Tort Claims Act, we reverse the judgment of the trial court and render judgment dismissing the case for lack of jurisdiction.

## I. FACTUAL BACKGROUND

This case arises from a May 29, 2000 incident involving plaintiffs' minor son, Joshua Harris, and a large metal statue of an elephant ("statue") that is affixed near one of the entrances to the Houston Zoological Gardens (the "Zoo"). While taking pictures outside of the Zoo, Joshua placed his hand on the statue. When he removed his hand, he severed part of one of his fingers. Plaintiffs filed suit against the City under the Texas Tort Claims Act ("TTCA"), seeking damages for Joshua's injury.

The City filed a plea to the jurisdiction, arguing that plaintiffs had failed to plead a claim under the TTCA. When the trial court denied the City's plea, the City filed its first interlocutory appeal. In *Harris I,* we affirmed the trial court's denial of the City's plea, holding that plaintiffs' pleadings stated a claim under the TTCA for a defective condition of tangible personal property.

The City then filed a second plea to the jurisdiction, this time supporting its plea with evidence. Plaintiffs responded by submitting their own evidence. Among other things, the evidence established that (1) the elephant statue was and continues to be affixed to the ground, bolted into place on three buried concrete piers; (2) the statue has been moved in the past; (3) it is difficult to move the statue because it is large and unwieldy and weighs five tons; (4) there are currently barriers in front of the statue, and a planted flower bed to prevent the public from making contact with it; and (5) there is also a commemorative plaque affixed to the ground near the statue depicting its sculptor and donors. After a hearing on the issue of the statue's status, the trial court again denied the City's plea. The City filed this appeal, arguing in one issue that the trial court erred in denying its plea to the jurisdiction.

---

1. *City of Houston v. Harris,* No. 14–03–00264–CV, 2004 WL 349924 (Tex.App.-Houston [14th Dist.] Feb. 26, 2004, no pet.) (memo op.).

## II. Analysis

Before reaching the City's issue, we must first address two procedural arguments raised by plaintiffs. Plaintiffs first claim this Court lacks appellate jurisdiction because of the City's earlier interlocutory appeal. Plaintiffs also claim our review of the trial court's jurisdiction is barred by the law of the case. Because we conclude that neither of these arguments has merit, we ultimately reach the City's challenge to jurisdiction under the TTCA.

### A. Appellate Jurisdiction

■ This case has created the ironic situation in which the procedural device of the interlocutory appeal—designed to quickly resolve questions of sovereign immunity—has generated unwarranted delay by permitting successive appeals under Tex. Civ. Prac. & Rem.Code § 51.014(8) (permitting the interlocutory appeal of an order that "grants or denies a plea to the jurisdiction by a governmental unit ..."). *See Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 358 (Tex.2001) (noting that interlocutory appeals are "disruptive, time consuming and expensive"). Plaintiffs are understandably frustrated by this delay, and have raised a challenge to this court's appellate jurisdiction in light of it, relying on *Denton County v. Huther,* 43 S.W.3d 665, 667 (Tex.App.-Fort Worth 2001, no pet.) (holding that an appellate court had no jurisdiction where the appellant failed to timely appeal the trial court's first denial of a plea to the jurisdiction).

However, there is no real question of appellate jurisdiction in this case. Unlike the county in *Huther,* here the City has filed timely notices of appeal from each of the trial court's orders, and has therefore complied with the appellate timetables governing jurisdiction. In addition, the City has raised different issues with each appeal. The first appeal involved a challenge to the sufficiency of the pleadings, and the second appeal involves a challenge to the existence of jurisdictional facts, which requires an examination of evidence to determine, in summary judgment fashion, whether plaintiffs have evidence to support the claim pled under the TTCA. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–28 (Tex. 2004) (detailing procedure for promptly addressing jurisdictional challenges).

■ The City unquestionably should have proceeded more efficiently. But plaintiffs do not cite any authority for the proposition that the City is barred from raising a new jurisdictional challenge in a second plea, and we have found none. Indeed, plaintiffs' argument ignores the established principle that challenges to a court's jurisdiction cannot be waived, but may be raised at any time. *See Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 850 (Tex.2000) (questions of jurisdiction "cannot be waived, and may be raised for the first time on appeal").

Section 51.014(8) does not limit interlocutory appeals, but instead permits an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit...." *See also Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted as a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought."). We are bound by the statutory language authorizing interlocutory appeals. Accordingly, although we do not approve of the City's successive interlocutory appeals, under section 51.014(8), we must review the trial court's denial of the City's second plea to

the jurisdiction.[2]

## B. Law of the Case

 Plaintiffs also contend that our review of the trial court's denial of the second plea to the jurisdiction is barred by our prior holding in *Harris I* under the law of the case. We disagree. The previous opinion solely addresses a challenge to the sufficiency of the pleadings, holding that plaintiffs pleaded facts sufficient to state a claim involving a defective condition of tangible property under the TTCA. 2004 WL 349924 at *4. This appeal presents a different question, requiring us to review evidence submitted by both parties on the issue of whether jurisdiction exists under the TTCA. *See Miranda*, 133 S.W.3d at 227 ("if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised").

 The law of the case is a doctrine of uniformity and judicial economy dictating that "questions of law decided on appeal to a court of last resort ... govern the case throughout its subsequent stages." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex.2003) (*quoting Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986)). The doctrine does not apply if pertinent facts are not substantially the same in the two proceedings. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 466 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Application of the doctrine is flexible and must be left to the discretion of the court and determined according to the circumstances of the case. *Heggy v. Am. Trading Employee Retirement Account Plan*, 123 S.W.3d 770, 778 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

Here, the law of the case doctrine does not apply to an analysis of the evidence relating to the statue's status under the TTCA. Although we held in our prior opinion that the pleadings were sufficient to state a claim for defective tangible personal property, at that stage in the proceedings the record did not contain evidence regarding whether or how the statue was affixed to the ground. Indeed, *Harris I* expressly notes that there was no evidence in the record to support the argument that the City made at the time, that the statue was an "improvement" to real property. 2004 WL 349924, at *5. Instead, we reviewed plaintiffs' pleadings, which stated that the statue was moveable because the City had moved the statue prior to the injury. Accordingly, applying the appropriate standard of review, we construed the pleadings in plaintiffs' favor and refused to conclude, at the stage of a challenge to the pleadings, that the case involved premises liability. *Id.*

On remand to the trial court, both parties introduced evidence pertaining to the statue, and held a hearing regarding the statue's status. The record now before us therefore differs from the record in the first appeal, and we must review the evidence challenging the existence of pleaded jurisdictional facts. *Miranda*, 133 S.W.3d at 227. Under these circumstances, the law of the case doctrine does not apply to preclude us from reconsidering the statue's classification for the purposes of a claim under the TTCA. *See, e.g., Rodgers v. Comm'n for Lawyer Discipline*, 151

---

2. Because plaintiffs are not the prevailing party on appeal, and in light of the reasoning set forth above, we reject plaintiffs' argument that this appeal is frivolous, and we refuse to award sanctions under TEX.R.APP. P. 45. *See*

*Baker Hughes Oilfield Operations, Inc. v. Hennig Production Co.*, 164 S.W.3d 438, 448 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (setting forth standard for sanctions under Rule 45).

S.W.3d 602, 609 (Tex.App.-Fort Worth 2004, pet. denied) (law of case doctrine does not apply when evidence differs "at two different stages of litigation and may involve more fully developed facts at either stage").

## C. Premise Defects

■■ Accordingly, we address the evidence in the record to determine whether the elephant statue is tangible personal property, or whether this case involves real property and premises liability.[3] A plaintiff bears the burden of establishing a waiver of immunity under the TTCA. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). Whether a court has subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. And "[w]hether a condition is a premise defect is a legal question." *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex.2002).

When reviewing a jurisdictional challenge that implicates the merits of a claim and the plea to the jurisdiction includes evidence, we must determine whether a fact issue exists. *Miranda*, 133 S.W.3d at 227. In making this determination, we "take as true all evidence favorable to the nonmovant," and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* at 228. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue," a court may rule on the plea to the jurisdiction as a matter of law. *Id.* at

228. The Texas Supreme Court has acknowledged that this standard mirrors the standard applicable to traditional summary judgments under Texas Rule of Civil Procedure 166a(c). *Id.*

### 1. The TTCA's Statutory Framework

As relevant here, the TTCA waives immunity and permits recovery for injuries involving either the condition or the use of tangible personal property or real property. The statute provides that "[a] governmental unit in the state is liable for:"

> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE § 101.021(2).

Under this provision, a case involving real property may present the additional question of whether the case involves a premise defect, and is therefore governed by the heightened standards required to establish premises liability under the TTCA. *See State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974). Section 101.022 provides in relevant part that:

> (a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

TEX. CIV. PRAC. & REM.CODE § 101.022(a).[4] The Texas Supreme Court has expressly

---

**3.** Under the facts as presented, it is necessary to address the question of whether this case involves personal or real property. The parties focused on the nature of the property before the trial court, so we review a developed record on this point. In addition, because the pleadings in this case state a claim involving tangible personal property, *see Harris I*, 2004 WL 349924, at *5, we are reluctant to hold that the case presents a premises claim or is governed by the Recreational Use

Statute without first determining that the case involves real property. We are not aware of circumstances, if any, under which cases involving tangible personal property may present a premises claim or be governed by the Recreational Use Statute.

**4.** It is undisputed that plaintiffs did not pay for the use of the premises.

held that the heightened standard applicable to premise defects cannot be avoided by stating a claim for a defective condition or negligent use of property under section 101.021(2). In *Miranda*, the Court stated:

> The Tort Claims Act's scheme of a limited waiver of immunity from suit does not allow plaintiffs to circumvent the heightened standards of a premises defect claim contained in section 101.022 by re-casting the same acts as a claim relating to the negligent condition or use of tangible property. *See State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974) (rejecting the argument that the Tort Claims Act "creates two entirely separate grounds of liability" for negligent use or condition of real property and premise defect, but instead interpreting the premises defect provision to further limit the waiver of immunity for negligent use or condition of real property). Other Texas courts have recognized that to allow plaintiffs to characterize premises defect claims as claims caused by the negligent condition or use of personal or real property would render the Legislature's heightened requirements for premises defect claims meaningless.

133 S.W.3d at 233.

### 2. Determining the Kind of Property Under the TTCA

Under the TTCA, the Texas Supreme Court has held that real property is defined as "land, and generally whatever is erected or growing upon or affixed to land." *Miranda*, 133 S.W.3d at 229–30 (quotations omitted). Similarly, though "premises" is not defined under the TTCA, courts have defined "premises" as "a building or part of a building with its grounds or other appurtenances." *Billstrom v. Mem'l Med. Center*, 598 S.W.2d 642, 646 (Tex.App.-Corpus Christi 1980, no writ); *Univ. of Tex. Med. Branch at Galveston v. Davidson*, 882 S.W.2d 83, 85–86 (Tex.App.-Houston [14th Dist.] 1994, no writ) (adopting the *Billstrom* definition of premises).

When the allegedly defective property has been affixed to land or other property, courts have held that the case involves a premises defect. For example, *Billstrom* involved defective window screens. 598 S.W.2d at 644. *Davidson* involved a defective elevator. 882 S.W.2d at 85. Other cases involving premises defects under the TTCA have included: a defective swing, *City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex.2002); a defective sprinkler, *Stephen F. Austin State Univ. v. Flynn*, No. 12–03–00240–CV, 2004 WL 948885, at *5 (Tex.App.-Tyler April 30, 2004, pet. filed); a defective baseball outfield fence, *Univ. of Tex.-Pan Am.v. Valdez*, 869 S.W.2d 446, 449 (Tex.App.-Corpus Christi 1993, writ denied); and a salt water barrier, *Guadalupe–Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 336 (Tex.App.-Corpus Christi 2002, no pet.).

The allegedly defective statue in this case is not materially different from the defective property discussed in the cases above. As noted below, here, the undisputed[5] record evidence establishes that (1) the statue was and continues to be affixed to the ground, bolted into place on three concrete piers; (2) the statue has been moved in the past; (3) the statue is difficult to move because it is large and unwieldy and weighs five tons; (4) there are currently barriers in front of the statue, and a planted flower bed to keep the public from engaging with it; and (5) there is

---

**5.** Although plaintiffs argue about the legal significance of these facts, the facts themselves are not disputed.

also a commemorative plaque affixed to the ground near the statue showing the its sculptor and donors. Because the defective statue was affixed to the ground when plaintiff was injured, we hold that it gives rise to a claim for a premise defect under the TTCA.[6]

Plaintiffs argue that the statue cannot give rise to a premise defect claim because the statue has been moved in the past and can be unbolted and moved again. This fact, though relevant, is not dispositive and does not create a fact issue as to whether the statue was affixed to the ground. Indeed, in *Davidson,* this Court rejected a similar argument, holding:

> Despite the fact that an elevator is a separate piece of equipment, it is also undeniably an integral part of the building, like a stairwell, floor, or, as in *Billstrom,* a security screen permanently attached to a window. And, although an elevator can be removed, in truth, it is not a "temporary" installation in any sense; it is a permanent addition to the building. Furthermore, being attached to the building and an integral part of its construction, an elevator is clearly an appurtenance, in fact, more so than the security screen in *Billstrom.*

*Davidson,* 882 S.W.2d at 86. Defective elevators, window screens, swings, sprinklers and fences can all be moved or replaced, but the moveable nature of these items does not convert them into personal property for the purposes of claims under the TTCA. Highway barrel signs, by contrast, are readily moveable and are not affixed to the ground. *See Tex. Dep't of Transp. v. Henson,* 843 S.W.2d 648, 653

(Tex.App.-Houston [14th Dist.] 1992, writ denied) ("the barrel-signs were moveable, portable and temporary in nature"). Because the elephant statue was affixed to the ground when plaintiff was injured, the fact that the statue can be moved does not render it tangible personal property.

In addition, there is no real question regarding the negligent use of property in this case. *Miranda* holds that a plaintiff cannot artfully plead that a case involves the negligent use of property to avoid the heightened standards applicable to premises claims under section 101.022(a), and *Miranda* controls here. The elephant statue is real property under the definition used by *Miranda,* because it is "erected or growing upon or affixed to land." *See Miranda,* 133 S.W.3d at 229–30. It also presents a premise defect claim. *Davidson,* 882 S.W.2d at 86. This case is accordingly subject to the TTCA's heightened standard for premises liability under section 101.022(a), irrespective of any allegations regarding the negligent use of property. *Miranda,* 133 S.W.3d at 233.

Contrary to my concurring colleague's opinion, we do not hold that every real property case necessarily involves a premises defect. Instead, as noted, we hold simply that the allegedly defective elephant statue, which is affixed to the ground, is both real property and presents a premises question. In this case, it is alleged that a design defect in the statue—namely, the sharp "pinch points" existing in its iron framework—caused the injury in question. Therefore, it is not necessary to hypothesize about a possible negligent use of non-defective real property. Simi-

---

**6.** Because we hold that the elephant satisfies the definition of "real property" articulated in *Miranda,* and of "premises" that courts, including this one, have employed when interpreting the TTCA, we do not reexamine the question that the City pressed on the first appeal, whether the statue is an "improvement" under more general principles of property law.

lar to *Miranda,* we hold only that the facts of this case involve real property and are governed by the heightened standards applicable to premises liability under the TTCA.

### 3. Establishing Liability for Premise Defects

 To establish liability for a premise defect under the TTCA, among other things, a plaintiff must plead and prove either willful, wanton or grossly negligent conduct, or that the defendant had actual knowledge of the dangerous condition, the plaintiff did not, and the defendant failed to warn of the condition or make it safe. *See State Dep't of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992); *Prairie View A & M Univ. v. Brooks,* 180 S.W.3d 694, 706 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

On the record before us, plaintiffs have failed to plead facts that establish a waiver of immunity for a premise defect under the TTCA. The pleadings, despite discovery and amendment, allege only that the City "knew or should have known" of the dangerous condition of the statue. This allegation is insufficient to state a claim under the TTCA for a premises defect. Without more, this pleading failure may not support a dismissal of plaintiffs' claim. *See Miranda,* 133 S.W.3d at 226–27 (if the issue is one of pleading sufficiency, plaintiffs should be permitted to amend unless they have pled facts that affirmatively establish that jurisdiction does not exist).

 In this case, however, the City supported its plea to the jurisdiction with evidence. Particularly, the City introduced evidence that it had no knowledge of prior accidents or complaints involving the statue. In response, plaintiffs did not controvert the City's evidence or otherwise demonstrate the existence of a fact issue relating to the City's knowledge. It is unquestionably plaintiffs' burden to do so under *Miranda.* "[A]fter the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed issue of material fact regarding the jurisdictional issue." *Miranda,* 133 S.W.3d at 228. Here, Plaintiffs have failed to do so.

In applying *Miranda's* standard to the facts of this case, we remain mindful of the concerns expressed by the dissents of Justice Brister and Justice Jefferson in *Miranda.* Here, plaintiffs were essentially faced with a summary judgment proceeding without being afforded all of the procedural protections normally required to support summary judgments. As Justice Brister noted in dissent, a plea to the jurisdiction may fail to "clarify what the jurisdictional hearing will be like [or] simplify many procedural questions." 133 S.W.3d at 243 (Brister, J., dissenting). This case exemplifies his concern. Plaintiffs had very little notice of the hearing on the plea, or time to produce evidence prior to the hearing. *See also Miranda,* 133 S.W.3d at 236 (Jefferson, J., dissenting) (noting that *Miranda's* standard may require plaintiffs to respond to a plea supported by evidence on three days notice). The trial court properly permitted plaintiffs to introduce evidence to build an appellate record *after* denying the City's plea, but the absence of adequate notice before a hearing on a summary procedure is nevertheless a cause for concern.

*Miranda* commits such matters to the trial court's discretion. 133 S.W.3d at 229. On the record before us, we cannot say that the court abused its discretion. The parties had conducted discovery on the merits of the case, and the trial court permitted plaintiffs to introduce all evi-

dence they believed relevant to the City's plea. Under these circumstances, it is proper to require plaintiffs, as *Miranda* does, "to show that there is a disputed issue of material fact regarding the jurisdictional issue." *Miranda*, 133 S.W.3d at 228. Because plaintiffs have not done so, we dismiss this case for lack of subject matter jurisdiction.

Because plaintiffs have failed to establish a waiver of immunity under the TTCA, we need not determine whether or not plaintiffs must also satisfy the Recreational Use Statute, Tex. Civ. Prac. & Rem.Code § 75.001(3).[7] *See Todaro v. City of Houston*, 135 S.W.3d 287, 294 (Tex.App.-Houston [14th Dist.] 2004, no pet.) ("Our analysis of the City's liability, however, does not reach the recreational use statute unless we first determine that Todaro's claims fall under the waiver of immunity created by the Tort Claims Act."); *see also City of Houston v. Morua*, 982 S.W.2d 126, 130 (Tex.App.-Houston [1st Dist.] 1998, no pet.), *overruled on other grounds by Smith v. Brown*, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Although the Recreational Use statute applies to claims under the TTCA, Tex. Civ. Prac. & Rem.Code § 101.058; *Miranda*, 133 S.W.3d at 225, we have held that the TTCA does not waive immunity and permit a claim on the facts of this case.

### III. Conclusion

For the foregoing reasons, we reverse the trial court's judgment, and render judgment dismissing this case for lack of subject matter jurisdiction.

EDELMAN, J., concurring.

---

7. For the same reason, we do not address whether plaintiffs are actually stating a claim for attractive nuisance, to which the TTCA does not apply. Tex. Civ. Prac. & Rem.Code § 101.058 ("This chapter does not apply to a claim based on the theory of attractive nuisance.").

RICHARD H. EDELMAN, Justice, concurring.

On the governmental immunity issue in this case, I would employ the following reasoning rather than that of the majority opinion.

The Tort Claims Act (the "Act") waives sovereign immunity for, among other things, personal injury caused by a condition *or* use of tangible personal *or* real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 2005). A private premises' owner may be liable for two types of negligence in failing to keep the premises safe: (1) that arising from a premise defect, and (2) that arising from an activity on the premises. *See Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 156 (Tex.1999) (per curiam); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex.1997). Premise defect and negligent activity are independent theories of recovery. *Olivo*, 952 S.W.2d at 529. Recovery on a negligent activity theory requires that the injury be a contemporaneous result of the activity[1] itself rather than by a condition created by the activity. *Timberwalk Apartments Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex.1998). Conversely, if a person is injured as a result of a condition of the premises, including property on the premises, rather than any conduct occurring at the time of the injury, he has only a premise defect cause of action. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 229–

---

1. Similarly, "use" under the Act has been defined to mean "to put or bring into action or service; to employ for or apply to a given purpose." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex.2004).

30 (Tex.2004); *Olivo,* 952 S.W.2d at 527. The same distinction exists between a condition and use of property under the Act because it expressly waives governmental immunity only to the extent, among other things, that a private person would be liable under Texas law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2).

The Harrises' petition essentially alleges that: (1) the injury occurred on property owned, occupied, or controlled by the City and on which the Harrises were invitees; (2) the injury was caused by a condition or use of tangible personal or real property (the sculpture); (3) the sculpture is constructed with numerous holes in the metal structure, which form "pinch points" that can cause serious injuries; (4) the sculpture had recently been moved by the City, and was devoid of any protective barriers or signs warning of any potential dangers, and these actions were ongoing when Joshua was injured; (5) Joshua placed his hand on the sculpture, and when he moved away from it, his finger suffered a traumatic injury by the dangerous condition and use of the sculpture; (6) the sculpture was a "key fixture" in the contemporaneous and ongoing activity of the City's effort to attract attention to the zoo; and (7) the City knew or should have known of the dangers "inherent" in the sculpture and owed the Harrises the duty to use ordinary care with respect to the condition or use of tangible personal or real property owned or controlled by the City. The Harrises' petition thus alleges both a condition and use of the property, be it real or personal.

The "use" or ongoing activity they allege is employing the sculpture to draw attention, and thereby attract visitors, to the Zoo. If this were indeed a "use" of the sculpture, then the fact that the sculpture is real property would not transform the "use" claim into a "condition," *i.e.,* premise

defect, claim, as the majority holds. However, because the Harrises' petition does not allege, and their evidence does not raise a fact issue, that any City employees were conducting any contemporaneous activity with, on, or near the sculpture that could be considered a true use of it, *i.e.,* a negligent activity,[2] their claim is not one for a negligent activity or use of property (be it real or personal), but is instead a "condition" claim.

If the sculpture was tangible personal property, a claim for injury due to a condition of it would be subject to the waiver of immunity only to the extent that the same theory of recovery is recognized as against non-governmental parties, such as for products liability. Because the Harrises have not alleged facts supporting, or otherwise asserted, any such claim that would impose liability on a private person for a condition of tangible personal property, there can be no waiver of immunity on that basis. Thus, as the Harrises have not alleged a use of property (real or personal) or a condition of personal property, all that remains to be considered is a condition of real property, *i.e.,* a premise defect.

Ordinarily, where a claim under the Act arises from a premise defect, the governmental unit owes the claimant the duty owed to a licensee, unless the claimant has paid for the use of the premises, in which case the duty owed to the claimant is that owed to an invitee. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon Supp. 2005). In this case, although the Harrises contend that they were invitees, they have not pled or offered evidence that they paid to enter or use the area where the injury occurred, or any other facts that would support their alleged status as invitees rather than licensees.

---

**2.** *See Tex. A & M Univ. v. Bishop,* 156 S.W.3d 580, 583 (Tex.2005).

The duty a premises' owner owes a licensee is to refrain from causing injury by willful, wanton, or gross negligence, and to warn or make reasonably safe any dangerous conditions the owner *actually* knows about and the claimant does not. *See Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex.2003). In this regard, the Harrises have not alleged or offered evidence of any willful or grossly negligent conduct by the City, let alone that Joshua's injury resulted from any such conduct. Similarly, as noted by the majority, although their petition alleges that the City "knew or should have known" of the dangerous condition of the sculpture, they have not alleged or offered any evidence that the City *actually* knew of this condition, as would be required for recovery by a licensee.

Lastly, where a claimant has either been invited or given permission to enter the premises for recreation, the Recreational Use Statute[3] (the "Statute") limits the duty owed by the property owner, including a governmental unit, to that owed to a trespasser (*i.e.*, to refrain from causing injury wantonly, willfully, or through gross negligence). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c) (Vernon Supp.2005); *City of Bellmead v. Torres*, 89 S.W.3d 611, 613–14 (Tex.2002). The Statute so limits a governmental unit's liability even if the claimant paid to enter the premises. TEX. CIV. PRAC. & REM.CODE ANN. § 75.003(c) (Vernon 2005); *Miranda*, 133 S.W.3d at 225. Recreation, as defined by the Statute, includes activities such as picnicking, hiking, nature study, and "any other activi-

ty associated with enjoying nature and the outdoors." TEX. CIV. PRAC. & REM.CODE ANN. § 75.001(3) (Vernon Supp.2005).

The Harrises argue that the Statute does not apply because they were not engaged in a recreational activity when Joshua's injury occurred. However, their petition alleges that the injury occurred in connection with taking a photo during a family outing outside the Houston Zoo. It alleges, and they have offered evidence of, no facts that would suggest they were making a commercial or other non-recreational use of the City's property.[4]

Therefore, because the Harrises have not alleged or offered evidence that they were invitees or that any conduct by the City breached the duty owed to a licensee or trespasser, their petition also fails to state a claim for which the City's immunity has been waived for premises liability.

---

3. TEX. CIV. PRAC. & REM.CODE ANN. §§ 75.001–.004 (Vernon 2005 & Supp.2005).

4. The Harrises also argue that the Statute does not apply to this case because it only applies by its terms to realty, and the City failed to establish that the sculpture was realty. Because the Statute addresses only the

duty that would apply to a premises liability claimant, it would seem to have no application to a claim for a condition of tangible personal property or for use of either real or personal property. However, as discussed in the preceding paragraphs, the Harrises have alleged no such claims in this case.