Opinion issued January 4, 2007







 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00614-CV






BRAZORIA COUNTY, Appellant


V.


GLENN COLQUITT, Appellee






On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 36907






O P I N I O N


 This interlocutory appeal arises from the trial court's order denying Brazoria
County's ("the County's") plea to the jurisdiction filed in response to Glenn
Colquitt's personal injury suit. In its sole issue, the County argues that the trial court
erred in denying its plea because Colquitt failed to establish the jurisdictional facts
required to waive governmental immunity under the Texas Tort Claims Act
("TTCA"). We affirm. 

Background

 Glenn Colquitt, a technician for Volt Telecom Group ("Volt"), was repairing
telephone lines in the second-floor equipment room of the Brazoria County Jail when
he fell through the floor and into the women's restroom located below. The
composition of the floor in the equipment room changes, at some point, from concrete
to ceiling tiles. When Colquitt stepped onto the section consisting only of ceiling
tiles, he fell through the ceiling because the tiles were incapable of supporting the
weight of his body. Colquitt alleges that he suffered permanent injuries to his hands,
fingers, back, heal, foot, and knee as a result of the fall. 

 Colquitt brought suit against the County to recover damages, alleging
negligence, gross negligence, premises liability, and premises liability special defect. 
 The County, arguing that Colquitt failed to plead facts sufficient to establish a waiver
of governmental immunity under the TTCA, filed a plea to dismiss the suit for lack
of jurisdiction. After hearing argument on the issue and allowing the parties time for
additional briefing, the trial court found that (1) Colquitt did not plead any basis for
a gross negligence claim, (2) a special defect would not apply to the County, and (3)
a fact issue could exist as to whether or not the County exercised ordinary care to
protect Colquitt from danger. The trial court then denied the County's plea. The evidence relevant to the trial court's subject matter jurisdiction is disputed. 
The County argues that the tiled area had been sectioned off by yellow caution tape
in order to warn of the transition from concrete to ceiling tile. To its plea, the County
attached the affidavit of Charles Wagner, a Chief Deputy for the Brazoria County
Sheriff's Department. Wagner stated that the yellow caution tape was placed around
the tiled area when the building was constructed in 1994 and that the tape had
remained in place since that time. According to Wagner, in the building's 12-year
history, "no one [had] ever reported any injury from falling through the ceiling at the
jail, nor [had] there been any complaints involving concerns that someone might fall
through the ceiling." The County also attached the affidavit of Brandon Griffin, an
employee of the Sheriff's Department, who stated that, when he escorted Colquitt to
the equipment room on the day of the incident, he observed the caution tape. A series
of four photographs, taken after the incident, showed the placement of the caution
tape around the tiled area and the general condition of the equipment room. The
County argued that the sum of this evidence led to the conclusion that it did not have
actual knowledge of the allegedly dangerous condition, that it exercised ordinary care
in warning Colquitt of any potential danger, and that, therefore, Colquitt could not
establish the County's liability for premises defects under the TTCA. 

 In response, Colquitt argued that the photographs submitted by the County did
not accurately reflect the condition of the equipment room on the day he was injured.
Specifically, Colquitt alleged by affidavit that there was "no sunlight or artificial
illumination in the subject work area" and stated that, it was his belief, that the yellow
caution tape was not present at the time he fell, or, alternatively, if it was present, that
he was unable to see it as a result of the height at which it was placed and the poor
lighting in the area. In addition to his affidavit, Colquitt offered a "Supervisor's
Investigation Report" prepared by Jim Chapman, a senior manager at Volt who was
in the equipment room with Colquitt at the time he fell. In his report, Chapman
indicated that the equipment room "was dark, we had been walking on all concrete
floors, [the] drop ceiling was the same level as the concrete floor. There was nothing
indicating there was a drop ceiling there. And [Colquitt] did not see it." Chapman
further indicated that "[h]ad there been proper lighting or a barrier of some sort, it
would not have happened." This evidence, according to Colquitt, was sufficient for
purposes of pleading a waiver of sovereign immunity under the TTCA. Plea to the Jurisdiction A. Standard of Review

 In this case, we address a plea to the jurisdiction in which disputed evidence
implicates both the subject-matter jurisdiction of the trial court and the merits of the
case. Whether a trial court has subject-matter jurisdiction is a question of law that
is reviewed de novo. See Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004); Tex. Dep't of Family and Protective Servs. v. Atwood, 176
S.W.3d 522, 527 (Tex. App.--Houston [1st Dist.] 2004, pet. denied). Where the
jurisdictional challenge implicates the merits of the plaintiff's cause of action and
relevant evidence is submitted by the parties, the trial court reviews the evidence to
determine whether a fact issue exists. Miranda, 133 S.W.3d at 227. If the evidence
creates a fact question regarding the jurisdictional issue, the trial court cannot grant
the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. Id.
at 227-28. The trial court rules on the plea to the jurisdiction as a matter of law,
however, if the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue. Id. at 228. We take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in his
favor. Id.

B. Waiver of Immunity Under the TTCA

 The issue here is whether Colquitt's pleadings invoked the waiver of
governmental immunity under sections 101.021 and 101.022 of the TTCA. Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.021, 101.022 (Vernon 2005). Generally, the State,
its agencies, and its subdivisions enjoy sovereign immunity from tort liability unless
that immunity has been waived. (1) County of Cameron v. Brown, 80 S.W.3d 549, 554
(Tex. 2002). The TTCA provides a limited waiver of sovereign immunity in three
general areas: (1) injury caused by an employee's operation or use of a motor-driven
vehicle or motor-driven equipment; (2) injury caused by a condition or use of tangible
personal or real property; and (3) injury caused by premise defect. Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.021, 101.022(a); Brown, 80 S.W.3d at 554. A plaintiff
bears the burden of establishing a waiver of immunity under the TTCA. See Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). 


 Both parties in the instant appeal agree that the injuries raised in Colquitt's
pleadings were the result of an alleged premise defect, and they have briefed the issue
accordingly. With respect to premise defects, the TTCA limits the governmental duty
owed a claimant to "the duty that a private person owes to a licensee on private
property." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (unless the claimant
pays for the use of the premises); see also State v. Tennison, 509 S.W.2d 560, 562
(Tex. 1974); Atwood, 176 S.W.3d at 532. This duty entails a responsibility not to
injure the licensee through willful, wanton, or grossly negligent conduct. State Dep't
of Highways & Public Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992); Atwood,
176 S.W.3d at 532. It further entails a responsibility to "use ordinary care to either
warn the licensee of, or to make reasonably safe, a dangerous condition of which the
owner is aware and the licensee is not." Payne, 838 S.W.2d at 237. 

 Because the trial court found that Colquitt had not pleaded any basis for a gross
negligence claim and because neither party complains of that finding on appeal, we
need not address whether Colquitt's injuries were the result of the County's willful,
wanton, or grossly negligent conduct. Rather, we turn our attention to the second
application of the governmental duty owed and ask whether the pleadings and
evidence submitted here create a fact issue as to whether the County breached its duty
to exercise ordinary care to warn of, or to make reasonably safe, the dangerous
condition presented by the ceiling tiles in the equipment room. To establish a breach
of this duty, a licensee must show that: (1) a condition of the premises created an
unreasonable risk of harm; (2) the owner actually knew of the condition; (3) the
licensee did not actually know of the condition; (4) the owner failed to exercise
ordinary care to protect the licensee from danger; and (5) the owner's failure was the
proximate cause of injury to the licensee. Id. 

 In this case, the elements attacked by the County in its plea to the jurisdiction
are those of (1) the County's actual knowledge of the dangerous condition and (2) its
alleged failure to exercise ordinary care to protect Colquitt from that danger. The
County argues, under the authority of City of Houston v. Harris, 192 S.W.3d 167
(Tex. App.--Houston [14th Dist.] 2006, no pet.), that actual knowledge may be
shown only where the premise owner has received reports of prior injuries or reports
of the potential danger presented by the condition. In Harris, an injured zoo patron
brought a premise defect suit against the City of Houston under the TTCA after he
partially severed a finger on a metal elephant statue at the zoo. Id. at 169. The City
filed a plea to the jurisdiction, arguing that the plaintiff had failed to plead a claim
under the TTCA. Id. The Fourteenth Court of Appeals noted that, in the plea to the
jurisdiction, "the City introduced evidence that it had no knowledge of prior accidents
or complaints involving the statue. In response, plaintiffs did not controvert the
City's evidence or otherwise demonstrate the existence of a fact issue relating to the
City's knowledge." Id. at 175 (emphasis added). The court dismissed the suit for lack
of jurisdiction because the plaintiff's failed to meet their burden to show that there
was a disputed question of material fact regarding the jurisdictional issue of the City's
knowledge. Id. at 175-76.

 The County's reliance on Harris is misplaced. (2) Here, the County's own
evidence creates a fact issue regarding its knowledge of the danger posed by the
condition of the floor. As stated in the Wagner affidavit, yellow caution tape was
placed around the ceiling tiles when the building was constructed in 1994. That tape
has remained in place since that time. This constitutes some evidence that the County
actually knew the ceiling tiles presented some danger to persons working in the
equipment room. Given that this fact issue was raised, it would have been improper
for the trial court to grant the County's plea on the grounds that Colquitt failed to
plead facts concerning the requisite element of actual knowledge. 

 Similarly, the evidence pertaining to the County's exercise of ordinary care to
warn of the condition, or to make it reasonably safe, creates an issue of fact. The
placement of yellow caution tape around the ceiling tiles is evidence that the County
took some precautionary steps to warn of the condition. This evidence, however, is
controverted by Colquitt's affidavit, stating that, it was his belief, that the tape was
not present at the time he fell, or, alternatively, if it was present, that he was unable
to see it as a result of the height at which it was placed and the poor lighting in the
area. Colquitt also asserts that it would have been reasonable for the County to
provide him with an escort while he was working in the equipment room. In light of
these assertions, it cannot be said that the evidence of the County's exercise of
ordinary care fails to raise a fact issue or is undisputed. 

 In sum, Colquitt's pleadings and the evidence submitted by the parties create
questions of fact regarding the County's knowledge and exercise of ordinary care in
this case. Because these questions of fact are pertinent to the jurisdictional issue, the
trial court did not err in denying the County's plea to the jurisdiction. 

 Accordingly, we affirm the order of the trial court. 




 George C. Hanks, Jr.

 Justice



Panel consists of Justices Taft, Keyes, and Hanks.


1. 
" " " " "
 " 
 § 
2. 
 
 --
 
 
 '