**Affirmed and Memorandum Opinion filed April 17, 2012.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-10-01115-CV**

**JOHN L. TREGRE, Appellant**

**V.**

**HARRIS COUNTY, Appellee**

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2008-31372**

## MEMORANDUM OPINION

John L. Tregre sued Harris County for wrongful termination of his employment. The trial court signed a final judgment dismissing the suit for want of jurisdiction and granting summary judgment against Tregre. In three issues, Tregre contends the trial court erred by granting Harris County's (1) motion to withdraw deemed admissions, (2) plea to the jurisdiction, and (3) motion for summary judgment. We affirm.

### I. BACKGROUND

Tregre was employed by Harris County Sheriff's Office ("HCSO") as a deputy at a minimum-security jail. In June 2003, Tregre purportedly injured his shoulder while

separating inmates during an altercation. Tregre contended he was unable to work and received worker's compensation benefits. After he returned to duty, Tregre was transferred to a maximum-security jail. Tregre met with Captain Jay Coons to discuss the transfer. Following the meeting, Tregre filed a grievance against Captain Coons. Thereafter, HSCO determined that Tregre violated policy by maintaining a part-time security job while on worker's compensation leave. On June 16, 2004, Harris County terminated Tregre's employment.

Tregre filed a wrongful-termination suit against Harris County in federal court. After the federal court dismissed Tregre's claims, he sued Harris County in state court. During July 2010, Tregre served Harris County with a request for admissions. The requests were deemed admitted when Harris County failed to respond timely. The trial court granted Harris County's motion to withdraw the deemed admissions. Harris County also filed a hybrid pleading comprised of a plea to the jurisdiction and a motion for summary judgment. In its plea, Harris County argued that the trial court lacked subject matter jurisdiction because Tregre failed to exhaust his administrative remedies. In its motion for summary judgment, Harris County challenged the merits of Tregre's claims. Subsequently, the trial court signed a final judgment granting both Harris County's plea and motion for summary judgment.

## II. PLEA TO THE JURISDICTION

In his second issue, Tregre contends the trial court erred by granting Harris County's plea to the jurisdiction. We review *de novo* the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

Preliminarily, Tregre contends Harris County's plea was actually a motion for summary judgment because Harris County challenged certain facts supporting the trial court's jurisdiction. Tregre argues the plea was subject to notice requirements for summary-judgment submission. *See* Tex. R. Civ. P. 21a, 166a(c); *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994).

2

However, it is well-settled that in a plea to the jurisdiction, a party may challenge either the pleadings *or existence of jurisdictional facts*. *See Miranda*, 133 S.W.3d at 226–28; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 95–96 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also* Rebecca Simmons & Suzette Kinder Patton, *Plea to the Jurisdiction: Defining the Undefined*, 40 St. Mary's L.J. 627, 651–52 (2009). When consideration of a trial court's subject matter jurisdiction requires examination of evidence, the trial court exercises its discretion by deciding whether the jurisdictional determination should be made at a preliminary hearing or delayed for fuller development of the case, mindful that the jurisdictional determination must be made as soon as practicable. *Miranda*, 133 S.W.3d at 227–28. A plea to the jurisdiction is not subject to summary-judgment notice requirements. *See id.* at 229 ("[T]he scheduling of a hearing of a plea to the jurisdiction is left to the discretion of the trial court, which is in the best position to evaluate the appropriate time frame for hearing a plea in any particular case."); *see also City of Houston v. Harris*, 192 S.W.3d 167, 175–76 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (recognizing there is no notice of hearing requirement for plea to the jurisdiction).

Substantively, Tregre's only argument in support of his contention that the trial court erred by granting the plea to the jurisdiction is he utilized the administrative remedies available to him. We disagree.

Tregre fails to acknowledge that two separate administrative-appeal procedures are involved in this case. It is uncontroverted that Tregre filed a grievance against Captain Coons regarding Tregre's transfer. Grievances pertaining to transfers are governed by Rule 13 of the Harris County Sheriff's Department Civil Service Regulations (the "regulations"). *See* Harris Cnty. Sheriff's Dep't Civil Serv. Regs. R. 13.01–.04; *see also Thomas v. Long*, 207 S.W.3d 334, 341 (Tex. 2006) (explaining adoption and applicability of the regulations).

Assuming without deciding that a grievance regarding wrongful transfer subject to Rule 13 may be appealed to a district court, we conclude Tregre has not exhausted

remedies outlined in the Rule. During his deposition, Tregre testified that after submitting his grievance, he "never heard anything of it" and never filed "any other document . . . with regard to the grievance." Under Rule 13, unresolved grievances are forwarded to the next supervisor in the chain-of-command and ultimately may be appealed to the sheriff and then the Civil Service Commission (the "commission"). *See* Harris Cnty. Sheriff's Dep't Civil Serv. Regs. R. 13.04. Certain time limits apply to each step in the grievance process. *Id.* "Failure of the parties involved to act within the time limits established by this rule will give the employee the right to proceed to the next highest level in the process." *Id.* R. 13.04(k). Thus, Tregre was authorized under Rule 13 to continue the grievance process despite the fact that he did not receive resolution regarding his initial grievance. By failing to exercise this option, Tregre did not exhaust administrative remedies.

Tregre also challenged his termination under Rule 12 of the regulations. *See id.* R. 12.01–.05. Rule 12 outlines the procedures for appealing a disciplinary action based on an employee's improper conduct; these procedures are separate and distinct from the grievance procedures of Rule 13. *See id.* R. 12.04; *see also id.* R. 13.03 (noting disciplinary actions may not be grieved under Rule 13). An employee may appeal a disciplinary action to the sheriff within ten days. *Id.* R. 12.04(a). The sheriff is afforded ten days to conduct any investigation or hearing he deems necessary and to "make his decision known, in writing to the employee." *Id.* R. 12.04(b). "Upon receipt of written notice of the Sheriff's final decision," the employee has ten days to appeal to the commission. *Id.* R. 12.04(e). The commission has fifteen days to hold a hearing, unless a continuance is granted, and shall render its final decision within seven days after the hearing. *Id.* R. 12.04(h). Under Labor Code section 158.037, "[a]n employee who, on a final decision by the commission, is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision." Tex. Labor Code § 158.037(a) (West 2008).

On June 16, 2004, the sheriff signed an order notifying Tregre regarding termination of his employment and advising that he may appeal the termination within ten days pursuant to Rule 12.04. The same day, Tregre acknowledged receipt of the order by signing it. In an affidavit, Tregre's attorney averred that he contacted HCSO and inquired whether the ten-day period cited in Rule 12.04(e) referenced business days or calendar days. Tregre's attorney contends he was informed that the period referenced business days; ten business days after June 16, 2004 was Wednesday, June 28, 2004.

On June 30, 2004, the sheriff sent Tregre a letter, acknowledging receipt of Tregre's appeal on June 28, 2004. The sheriff explained that the appeal was due within ten *calendar days* of June 16, 2004, which was Saturday, June 25, 2004. Therefore, the sheriff concluded, "Tregre's appeal has not been timely filed, and, consequently, will not be considered." It is undisputed that Tregre did not attempt to comply with any other Rule 12.04 procedures; instead, he filed suit in federal court and, when that suit was dismissed, filed the present suit in a Harris County district court.

Tregre argues that the sheriff's refusal to consider Tregre's appeal prevented Tregre from exhausting his administrative remedies. Consequently, Tregre contends he was entitled to file suit. However, under Rule 12.04(e), upon receipt of written notice of the sheriff's final decision, an employee has ten days to file an appeal to the commission. Harris Cnty. Sheriff's Dep't Civil Serv. Regs. R. 12.04(e). Here, the sheriff provided written notice of his final decision, namely, that he would not consider Tregre's appeal because it was untimely. After receipt of this notice, Tregre had ten days to appeal the decision to the commission. It is undisputed he did not pursue such an appeal. Thus, Tregre failed to exhaust the administrative remedies provided under Rule 12.[1]

Tregre has not established that the trial court erred by granting Harris County's plea to the jurisdiction. Accordingly, we overrule Tregre's second issue.

---

[1] Tregre also complains the sheriff failed to explain in his letter Tregre's remedies following the sheriff's refusal to consider the appeal. Tregre does not cite any authority supporting his contention that an HCSO employee is relieved of his obligation to exhaust administrative remedies prescribed in the regulations if the sheriff failed to advise him regarding those remedies.

### III. WITHDRAWAL OF DEEMED ADMISSIONS

We next address Tregre's first issue, in which he contends the trial court erred by permitting Harris County to withdraw its deemed admissions. If the response to a request for admissions is not served timely, the request is deemed admitted without necessity of a court order. Tex. R. Civ. P. 198.2(c). However, the trial court may allow the withdrawal of deemed admissions upon a showing of (1) good cause and (2) no undue prejudice. *Id.* 198.3. "Good cause" is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011). "Undue prejudice" depends on whether withdrawing admissions or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. *Id.* We employ an abuse-of-discretion standard when reviewing a trial court's ruling on a motion to withdraw deemed admissions. *Id.*

It is undisputed that Harris County's response to Tregre's request for admissions was not served until several days after the response deadline. Harris County argues the untimely service was caused by mistake or accident of its mailroom staff. Tregre contends Harris County's "good cause" excuse is conclusory. Tregre also argues withdrawal of the deemed admissions caused undue prejudice because he was forced to research and respond to Harris County's motion to withdraw deemed admissions instead of focusing on Harris County's dispositive hybrid motion.[2] Finally, Tregre contends that many of Harris County's responses to the request for admissions are invalid or evasive but he was unable to move to have these responses deemed admitted until after his response to the hybrid motion was due. However, even assuming the trial court abused its discretion by permitting Harris County to withdraw its deemed admissions, we conclude no reversible error occurred. *See* Tex. R. App. P. 44.1(a)(1) (defining

---

[2] Tregre also argues he was unduly prejudiced because he was forced to expend $4,620.50 in attorney's fees responding to Harris County's motion to withdraw deemed admissions. The trial court did not award Tregre any attorney's fees when it granted Harris County's motion to withdraw. However, Tregre does not request that we remand this case with orders for the trial court to award Tregre reasonable attorney's fees caused by Harris County's motion to withdraw.

6

reversible error as error which "probably caused the rendition of an improper judgment").

First, we note the record does not establish that Tregre filed a motion for continuance, requesting additional time to respond to Harris County's plea to the jurisdiction.[3] Moreover, Tregre's appellate argument regarding the trial court's grant of Harris County's plea is substantially similar to his trial argument contesting the plea: he exhausted administrative remedies. Thus, Tregre's purported inability to devote adequate time responding to Harris County's plea did not cause an improper judgment.

Second, only one request for admission pertained to the issues raised in Harris County's plea to the jurisdiction. Specifically, Tregre inquired in request number 21 as follows: "Admit or deny that Plaintiff['s] appeal of his termination was received on June 24, 2004." However, even if Harris County admitted this request, it would not have supported Tregre's contention that he exhausted his administrative remedies. Regardless of when the sheriff actually received the appeal, Tregre received written notice of the sheriff's final decision but never continued the administrative process, opting instead to sue in federal and then state court. Accordingly, even if the trial court abused its discretion by allowing Harris County to withdraw its deemed admissions, no reversible error occurred. Tregre's first issue is overruled. Having overruled Tregre's first and second issues, we need not consider his third issue challenging the trial court's summary judgment.[4]

We affirm the trial court's judgment.

/s/ Charles W. Seymore
Justice

Panel consists of Justices Frost, Seymore, and Jamison.

---

[3] In his response to the hybrid motion, Tregre complained that Harris County failed to provide proper notice of the summary-judgment submission. However, as discussed above, this complaint did not apply to Harris County's plea to the jurisdiction.

[4] Tregre does not argue that the trial court erred by both granting the plea to the jurisdiction and in the same order granting summary judgment on the merits. Therefore, we do not address this issue.