**Denied and Dissenting Opinion on Denial of Rehearing filed February 26, 2013.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-11-01074-CV

### KEN HOAGLAND, Appellant

### V.

### BILL BUTCHER, KARI BUTCHER, BUTCHER & BUTCHER, AND OCTV PARTNERS, LLC, Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-58144**

## DISSENTING OPINION ON DENIAL OF REHEARING

I dissent from the denial of the motion for rehearing in this case for all of the reasons that I outlined in my original dissent. The Butchers have lost a valuable right of early review through a hyper-technical view of their controverting affidavits, with the result that the plaintiff never had to prove his jurisdictional facts. None of the special appearance cases cited by the plurality opinion is

similar, as each reached the merits of the jurisdictional issue, while the plurality does not.

The plurality holding did not find that the facts alleged by Hoagland are true, only that the Butchers failed to properly negate the jurisdictional facts in Hoagland's petition. I acknowledge that there are no cases that currently hold a defendant can amend its special appearance affidavit after an appeal,[1] but there is some case law that would support such a procedure. *See Dawson-Austin v Austin*, 968 S.W.2d 319, 322 (Tex. 1998) (allowing amendment after an initial denial of the special appearance). And the Supreme Court has held that a defective affidavit does not convert a special appearance into a general one. *Exito Elecs. Co., Ltd. v Trejo*, 142 S.W. 3d 302, 307–08 (Tex. 2004).

Our holding encourages an inefficient system as the Butchers may also be able to re-urge this issue on final appeal. *See GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 866–67 (Tex. App.—Austin 2008, no pet.) (holding that appellate jurisdiction to review special appearance rulings was not limited solely to interlocutory appeal authorized by section 51.014(a)(7) of the Civil Practice and Remedies Code); *Canyon (Australia) Pty., Ltd. v. Maersk Contractors, Pty., Ltd.*, No. 08–00–00248–CV, 2002 WL 997738, at *4 (Tex. App.—El Paso May 16, 2002, pet. denied) (not designated for publication) (concluding that interlocutory appeal was not "mandatory" and trial court's special appearance grant could be reviewed on appeal from final judgment); *but see Matis v. Golden*, 228 S.W.3d 301, 305 (Tex. App.—Waco 2007, no pet.) (concluding that challenge to order denying special appearance, raised for the first time on appeal from final judgment, was untimely because parties failed to bring an interlocutory appeal). Ultimately, if the facts do

---

[1] This is the first time that the Fourteenth Court of Appeals has not reached the merits of a special appearance under the burden-shifting analysis.

not support personal jurisdiction, the case will be reversed. *See GJP*, 251 S.W.3d at 866–67.

We do not want to encourage multiple appeals of an issue, and this is usually precluded under the law of the case doctrine. But when we do not reach the merits of an issue or when the facts change, the law of the case may not apply. *See Virani v. Cunningham*, No. 14–11–00331–CV, 2012 WL 355653, at *6–7 (Tex. App.—Houston [14th Dist.] Feb. 2, 2012, pet. denied) (mem. op.) (discussing law of the case doctrine and noting that if issues or facts change, law of the case may no longer apply); *City of Houston v. Harris*, 192 S.W.3d 167, 171–72 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (concluding that court of appeals' decision affirming denial of city's first plea to the jurisdiction was not law of the case for purposes of second interlocutory appeal from denial of plea on another claim).

I urge the Texas Supreme Court to take this case and reverse the plurality opinion or to clarify that a defendant can submit amended affidavits in support of its special appearance under the circumstances of this case: where a trial court grants a special appearance and an appellate court reverses that decision because of inadequacies in the affidavits of the defendant, with the result that the burden never shifted to the plaintiff to prove his jurisdictional facts.

/s/     Tracy Christopher
         Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Christopher, J., dissenting).

3