Ray CANADA, et ux., Appellants,

v.

Gayle KEARNS, Appellee.

No. 8680.

Court of Appeals of Texas,
Beaumont.

Nov. 5, 1981.

Jon B. Burmeister, Port Arthur, for appellants.

David Bonham, Nederland, for appellee.

DIES, Chief Justice.

In the summer of 1977, Ray Canada and wife Elaine Canada, plaintiffs below, purchased a home from Louis Bowen and wife Virginia Bowen in Port Neches. They alleged that they were shown the home by Virginia Bowen who was acting as an agent and employee of the defendant below, Gayle Kearns, a real estate broker, and that Virginia Bowen assured plaintiffs the roof was in good shape; that this proved untrue, to their damage. Trial was to a jury which found for plaintiffs. Thereafter, the trial court set aside the jury finding to one special issue and granted judgment N.O.V. for defendant, from which plaintiffs bring this appeal.

On this appeal, we are governed by *Tex. R.Civ.P. 301.* See also *Reina v. General Acc. Fire Life Assur.,* 611 S.W.2d 415 (Tex. 1981); 4 R. McDonald, *Texas Civil Practice* § 17.30(b), et seq. (rev. 1971); *Warren v. Hartnett,* 561 S.W.2d 860 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

In Issue No. 6, which the court disregarded, the jury found that Virginia Bowen was acting in the course and scope of her employment as an agent for defendant, Gayle Kearns.

Plaintiffs' sole point urges there was some evidence to support this finding; hence, the action of the trial court was improper.

Plaintiff (husband unless otherwise identified) testified he first became acquainted with this house for sale in a Gayle Kearns Real Estate agency ad in the Port Arthur News. He phoned the number given in the ad to inquire about the house. It was the number of the Gayle Kearns Real Estate agency.

In May of 1977, plaintiff and wife went to the agency where they met Virginia Bowen, who had previously shown a different house from that which they purchased. Then, Mrs. Bowen showed them the house involved in this lawsuit, and they spent about

an hour going through it. Plaintiff, seeing water damage in a hallway, asked Mrs. Bowen if there had been a roof leak. She responded in the affirmative but assured them the roof had been repaired. Other representations about the roof satisfied plaintiff that it was in good condition. Plaintiff and wife came back to the house about a month later, and Mrs. Bowen again assured them the roof was in good shape. Thereafter, plaintiff and wife went to the office of Gayle Kearns Real Estate and signed a contract captioned: "Gayle Kearns Real Estate."

After plaintiffs moved in, they discovered the roof was far from satisfactory and had it repaired. The house had appeared in "multiple listings" under the "Gayle Kearns signature."

Gayle Kearns testified she was a real estate broker with a Texas license; that Virginia Bowen was a real estate "salesperson" who could only sell real estate under her or another licensed broker; that at the time of this sale Virginia Bowen was on commissions. She knew Bowens had a Kearns agency sign in their front yard advertising the home for sale. In addition to her sales commissions, Mrs. Bowen was paid a three percent salary for bookkeeping. Mrs. Kearns, defendant, agreed that when her salespersons showed real estate, she, the defendant, was responsible for what they said; but, she was not responsible when there was "no consideration involved and they are selling their own home." Real estate agent Claude Brown disagreed with her as did Realtor Harold T. Nordstrom of Nordstrom & Associates.

Cheryl Rhoades looked at the house involved. She had gone to the Kearns agency, and a salesperson other than Virginia Bowen showed her the house.

Defendant argues the trial court was correct because she (defendant) did not fall within the purview of the Real Estate Licensing Act, *Tex.Rev.Civ.Stat.Ann. art. 6573a, § 2(2)* (Supp.1980–81). That act, in part, provides:

"'Real estate broker' means a person who, for another person and for a fee, commission, or valuable consideration, or with the intention or in the expectation or on the premise of receiving or collecting a fee, commission, or other valuable consideration from another person."

Defendant argues that since she received no fee she was not a broker. *Section 2(4)* of *Article 6573a* defines:

"A 'real estate salesman' means a person associated with a Texas licensed real estate broker for the purposes of performing acts or transactions comprehended by the definition of 'real estate broker' as defined in this Act."

We decline to give so narrow an interpretation of the Act. Defendant was a broker, and Virginia Bowen her salesperson. The house was advertised, listed, and sold through defendant's agency, which undoubtedly was motivated by the hope of receiving "other valuable consideration." This point is sustained.

Defendant has a cross-point urging plaintiffs were not consumers under the Deceptive Trade Practices Act. This point is overruled. *Cameron v. Terrell & Garrett,* 618 S.W.2d 535 (Tex.1981); *Manchac v. Pace,* 608 S.W.2d 314 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

We, therefore, reverse and render the judgment of the trial court and decree that plaintiffs below shall recover of and from defendant below the sum of $21,400.02, all costs of court, plus legal interest. See 4 R. McDonald, *Texas Civil Practice* § 17.32 (rev. 1971), at 205, 206.

REVERSED and RENDERED.