CITY OF SAN ANTONIO, Appellant,

v.

Grace ESTRADA, Appellee.

No. 04–06–00300–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 1, 2006.

Amy M. Eubanks–Perkins, Asst. City Atty.–Office of the City Atty., San Antonio, for appellant.

Kevin W. Stouwie, Stouwie & Mayo, P.L.L.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Appellant, the City of San Antonio (the "City"), appeals the trial court's denial of its plea to the jurisdiction, arguing that appellee, Grace Estrada, failed to plead sufficient facts establishing a waiver of the City's immunity under the Texas Tort Claims Act ("TTCA"). In this case, we are asked to determine whether Estrada's "negligent activity" claim, which derives from a San Antonio firefighter's descent down a fire pole with Estrada on his back/shoulders, is actionable under the TTCA. Because the relevant pleadings and jurisdictional evidence suggest Estrada was injured as a contemporaneous result of the firefighter's descent down the fire pole, rather than by a condition of the premises, we hold Estrada has alleged an actionable "negligent activity" claim under the TTCA. Accordingly, we affirm.[1]

### BACKGROUND

Estrada was invited to visit San Antonio Fire Station No. 10 by an off-duty San Antonio firefighter in the early morning hours of October 29, 2004. Estrada, along with several other women, allegedly consumed alcohol and socialized with both on-duty and off-duty firefighters at the fire station. The firefighters allowed Estrada to: try on their firefighting gear; sit on the fire truck; and slide down the station's fire pole, which allowed Estrada to go from the station's second floor to its first floor.[2]

After Estrada had successfully descended the fire pole several times, she attempted to descend the fire pole one last time.

On this descent, unlike her previous ones, Estrada attempted to descend the fire pole in tandem with one of the on-duty firefighters from Fire Station No. 10, Miguel De Los Santos. Estrada alleges De Los Santos allowed her to climb onto his back/shoulders after he had positioned himself on the fire pole. Once Estrada did, however, De Los Santos immediately began to slide down the fire pole, causing Estrada to lose her grip on De Los Santos and the pole. Estrada fell approximately 10 to 12 feet to the ground below.

Estrada subsequently filed suit against the City under the TTCA, seeking damages for her injuries. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 2005). Specifically, Estrada raised a "negligent activity" claim, alleging her injuries derive from an ongoing activity at the fire station—De Los Santos's descent down the fire pole with Estrada on his back/shoulders.[3] The City responded by filing a plea to the jurisdiction, arguing that it was immune from suit because Estrada's petition failed to state a claim within the limited waiver of the TTCA. The trial court, however, denied the City's plea. This appeal followed.

### STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dep't of*

---

1. We express no opinion as to the merits of Estrada's negligent activity claim.

2. The fire pole is part of Fire Station No. 10's permanent structure.

3. Estrada's petition does not include any allegations or facts indicating that either the fire pole or the surrounding premises were defective.

*Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). Whether a trial court has subject matter jurisdiction is a question of law subject to *de novo* review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the pleader and look to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We are not required to look solely to the pleadings when deciding a plea to the jurisdiction; we may consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Blue*, 34 S.W.3d at 555.

## TEXAS TORT CLAIMS ACT

■■■ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State expressly consents to the suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (1999). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004). The TTCA provides a limited waiver of immunity, allowing suits to be brought against governmental units in certain, narrowly defined circumstances. *Miller*, 51 S.W.3d at 587. The TTCA provides that a governmental unit is liable for: "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). The plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid

waiver of immunity. *Miller*, 51 S.W.3d at 587.

### DISCUSSION

In this case, we must decide whether Estrada has alleged an actionable negligence cause of action against the City under the TTCA. The City argues that Estrada has not pleaded an actionable negligent activity claim because her purported "negligent activity" claim concerning De Los Santos's use/misuse of the fire pole is truly a "premises defect" claim because "a case involving real property should be evaluated using the standard set forth for premises liability." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (providing that "if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises."); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 233 (Tex.2004) ("The Tort Claims Act's scheme of a limited waiver of immunity from suit does not allow plaintiffs to circumvent the heightened standards of a premises defect claim contained in section 101.022 by re-casting the same acts as a claim relating to the negligent condition or use of tangible property."); *Nunez v. City of Sansom Park*, 197 S.W.3d 837, 842 (Tex.App.-Fort Worth June 29, 2006, no pet. h.) ("Neither a cause of action for negligent use of real property nor a cause of action involving a condition of real property exists separate and apart from a cause of action for a premises defect."). Because the City believes Estrada is limited to raising a premises defect claim, it asserts that Estrada has not alleged a valid waiver of immunity since her petition does include any allegations or facts indicating that either the fire pole or the station was defective as re-

quired to maintain such cause of action.[4] By contrast, Estrada argues that she has in fact asserted an actionable "negligent activity" claim because she has alleged that she was injured as a result of an ongoing activity at the fire station—De Los Santos's descent down the fire pole with Estrada on his back/shoulders. Estrada maintains her claim is not a "premises defect" claim as the City contends since her injuries occurred simultaneously with the activity, not as a result of a condition of the premises.

A private premises owner "may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect." *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex.1997). Negligent activity and premises defect are independent theories of recovery. *Id.* at 529. The Texas Supreme Court has explained that recovery on a negligent activity theory requires that the injury be a contemporaneous result of the activity itself rather than by a condition created by the activity. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex.1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). Conversely, if a person is injured as a result of a condition of the premises, rather than any conduct occurring at the time of injury, she has only a premise defect cause of action. *Olivo*, 952 S.W.2d at 527. The same distinction exists between a condition and use of property under the TTCA. *See City of Houston v. Harris*, 192 S.W.3d 167, 177 (Tex.App.- Houston [14th Dist.] 2006, no pet.) (Edelman, J., concurring).

Estrada's petition essentially alleges her injuries derive from an ongoing activity at the fire station—De Los Santos's descent down the fire pole with Estrada on his back/shoulders. Nothing in Estrada's petition suggests she was injured by a condition of the premises or by some activity that occurred on the premises earlier and was not ongoing at the time of her injury. When, as here, the plaintiff alleges her injuries were caused by an ongoing activity of the defendant, rather than by a condition of the premises, the plaintiff has properly alleged a negligent activity claim. *See Sibai v. Wal–Mart, Stores, Inc.*, 986 S.W.2d 702, 707 (Tex. App.-Dallas 1999, no pet.) (holding a customer could maintain a "negligent activity" claim against Sam's Wholesale Club for injuries she sustained when she was accidentally struck in the head by cashier at adjacent counter who was removing items from shopping cart). Because Estrada has properly alleged a "negligent activity" claim against the City, we hold Estrada has pleaded sufficient facts to establish a waiver of the City's immunity under the TTCA.

### CONCLUSION

The trial court's order denying the City's plea to the jurisdiction is affirmed.[5]

---

**4.** Although the TTCA does not define the terms real property or premises, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001, both the fire pole and station are considered real property. *See Miranda*, 133 S.W.3d at 229–30 (defining real property as " 'land, and generally whatever is erected or growing upon or affixed to land.' "); *City of Houston v. Harris*, 192 S.W.3d 167, 173 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (defining premises as " 'a building or part of a building with its grounds or other appurtenances.' ").

**5.** We note the City also argues that even if we determine that Estrada has stated an action-

able claim under the TTCA, "the pleadings and jurisdictional evidence [are] clear that the City did not use the property. Rather, [Estrada] chose to use the property and she 'lost her grip and fell.' Unfortunately for [Estrada], immunity is waived only if the governmental unit itself is the user." We are unpersuaded by the City's contention because the pleadings and relevant jurisdictional evidence show that a San Antonio firefighter was in fact "using" the fire pole at the time Estrada was injured.