



★ ★ ★                                                   ★ ★ ★

# OPINION

No. 04-09-00681-CV

**TEXAS REAL ESTATE COMMISSION**,
Appellant

v.

Gilbert **RODRIGUEZ** and Alice Rodriguez,
Appellees

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 01-09-338-CVW-A
Honorable Stella Saxon, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   June 16, 2010

AFFIRMED

This is an appeal from the trial court's order allowing appellees recovery from the Real Estate

Recovery Trust Account ("the RTA"), which is maintained by the Texas Real Estate Commission

("the TREC"). We affirm.

## BACKGROUND

The appellees, Gilbert and Alice Rodriguez, owned a plot of land on which they wanted to

build a house. In 2000, the Rodriguezes met Carol Kilby, who introduced herself as a real estate

agent.  Ms. Rodriguez stated she and her husband wanted a real estate agent because they knew nothing about obtaining funding for the house, did not know any builders, and did not know "the process of closing."  Kilby told Ms. Rodriguez she knew about all of these issues and would help them.  Kilby arranged for Chavez Homes to act as builder, negotiated the price to build the house, arranged for the financing, and handled the closing.  Ms. Rodriguez said she and her husband "hardly ever had any contact with the builder."

The Rodriguezes later sued Kilby alleging she knew the builder was inexperienced, the plumbing subcontractors were not licensed, and the house was not built in accordance with plans and specs.  The Rodriguezes obtained a judgment against Kilby, and thereafter, they sought recovery from the RTA.  TREC contested the claim, but after a hearing the trial court found in favor of the Rodriguezes.  This appeal by TREC ensued.

## DISCUSSION

The Real Estate License Act ("RELA") provides, as applicable here, that use of the RTA "is limited to an act that constitutes a violation of Section [15(a)(6)] of this Act if the judgment debtor was at the time of the violation a licensed real estate broker . . . ."  Former TEX. CIV. STAT. art. 6573a, § 8(a).[1]  Section 15(a)(6) is a laundry list of prohibited actions.  Thus, the RTA was created to protect the general public, that is, the clients of those engaged in the real estate business. *Burnett v. Foley*, 660 S.W.2d 884, 887 (Tex. App.—Fort Worth 1983, no writ).  Accordingly, the RTA compensates persons who are unable to collect from a licensed real estate broker for judgment

---

[1] The Real Estate License Act ("RELA") was the governing law at the time of the underlying lawsuit. RELA has since been repealed and is now codified in the Texas Occupation Code. *See* former Texas Revised Civil Statute article 6573a, *repealed by* Acts of 2001, 77th Leg., R.S., ch. 1421, § 13(a); TEX. OCC. CODE ANN. §§ 1101.001 - .658 (Vernon 2004 & Supp. 2009).  The two versions of the statute are substantially similar.

awards based on specified types of wrongdoing. The Rodriguezes' theory of recovery from the RTA required them to prove that they: (1) obtained a judgment against Kilby based on facts showing Kilby engaged in an act permitting recovery; (2) attempted execution on the judgment, which was returned nulla bona; (3) perfected a judgment lien and filed, in the court that rendered judgment, a claim for reimbursement from the RTA; and (4) at a hearing on this claim for reimbursement, showed that the judgment was based on facts establishing fraud or misrepresentation. *See* former TEX. CIV. STAT. art. 6573a, § 8(e); *see also Wilson v. Bloys,* 169 S.W.3d 364, 370 (Tex. App.—Austin 2005, pet. denied). At trial and on appeal, TREC does not dispute that Kilby is a licensed real estate broker, that she acted dishonestly, and that the Rodriguezes satisfied the second, third, and fourth elements. Instead, at trial and on appeal, TREC contests the first element by arguing the Rodriguezes did not establish Kilby acted as their real estate broker in exchange for a commission or other valuable consideration, or with the expectation of receiving a commission or other valuable consideration. We disagree.

RELA defines a "real estate broker" as a person who takes certain actions in relation to "real estate":

> [A real estate broker is] a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:
>
> (A) sells, exchanges, purchases, rents, or leases real estate;
> (B) offers to sell, exchange, purchase, rent, or lease real estate;
> (C) negotiates or attempts to negotiate the listing, sale, exchange, purchase, rental, or leasing of real estate;
> (D) lists or offers or attempts or agrees to list real estate for sale, rental, lease, exchange, or trade;
>
> . . .

(H) aids, attempts, or offers to aid in locating or obtaining for purchase, rent, or lease any real estate; . . . .

Former TEX. CIV. STAT. art. 6573a, § 2(2).

RELA defines "real estate" as "a leasehold, as well as any other interest or estate in land, whether corporeal, incorporeal, freehold, or nonfreehold, and whether the real estate is situated in this state or elsewhere." *Id.* § 2(1). The phrase "real property" is expansively defined to include both land and usually whatever is erected or growing upon or affixed to the land. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 640 (Tex. 2000); *see also City of San Antonio v. Estrada*, 219 S.W.3d 28, 32 n.4 (Tex. App.—San Antonio 2006, no pet.) (in suit under Tort Claims Act, holding that fire pole and fire station both considered real property); TEX. TAX CODE ANN. § 1.04(2)(A), (B), (3)(A) (Vernon 2008) (defining "real property" to include, not only land, but also "an improvement," which is defined to include "a building [or] structure . . . .").

The fact that the Rodriguezes' house had not yet been built on the land at the time they engaged Kilby's services does not alter the nature of Kilby's actions. Kilby's actions "aided . . . in locating or obtaining for purchase . . . real estate." Therefore, we conclude Kilby's actions were those of a real estate broker.

TREC next argues Kilby never provided any service to the Rodriguezes in exchange for or with the expectation of receiving a commission or other valuable consideration. Again, we disagree. Ms. Rodriguez stated Kilby did not tell her about her compensation, but she knew Kilby would be compensated by Chavez Homes. In addition to Ms. Rodriguez's live testimony, a portion of Kilby's deposition was read into evidence as follows (questions omitted):

> . . . Chavez Homes was the builder. I mean, I was the gopher, do you know, put the deal together, everything, but I wasn't the builder. . . . .
>
> I officed with [Mr. Chavez] and that was the deal. I mean, honestly, if you want to say what did I get, I didn't get money, but what I got was help from him on his account. I — I didn't have much money and I didn't have a lumber account for my building so I didn't have any money for the lumber, you know, I couldn't call the lumber company and order something. So Mr. Chavez had a lumber account. He had good credit and he had a lumber account so I used his lumber account. So if you want to say I got paid, maybe I did get paid that way.

On appeal, TREC characterizes the lumber account as "simply an after-the-fact 'perk'." However, the Revisor's Note following Texas Occupation Code section 1101.002 states that "'consideration' means something of value." TEX. OCC. CODE § 1101.002, revisor's note (3) (Vernon 2004). There is no dispute the appellees did not pay Kilby any consideration, but neither the RELA nor the Occupation Code require that any commission or consideration received be from the individual on whose behalf the broker acts. *See Canada v. Kearns*, 624 S.W.2d 755, 756 (Tex. Civ. App.—Beaumont 1981, no writ) (although salesperson acting under a broker did not receive a commission from buyers, "[t]he house was advertised, listed, and sold through defendant's agency, which undoubtedly was motivated by the hope of receiving "'other valuable consideration.'"). In fact, neither the RELA nor the Occupation Code require that the broker actually receive any commission or other consideration; an *expectation* of a commission or other consideration is sufficient. We therefore conclude Kilby's actions on behalf of the Rodriguezes were actions taken "with the intention or in the expectation or on the promise of receiving or collecting . . . valuable consideration." Former TEX. CIV. STAT. art. 6573a, § 2(2).

## CONCLUSION

We conclude Kilby acted as a real estate broker with the intention or in the expectation of receiving valuable consideration. Therefore, we overrule TREC's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice