

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00116-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Maria Elena **RODRIGUEZ**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-03294
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  August 30, 2013

AFFIRMED

In the underlying cause, Maria Elena Rodriguez sued the City of San Antonio for injuries she sustained when a vehicle in which she was a passenger collided with a city-owned vehicle driven by Sergeant Gabriel Treviño. The trial court denied the City's plea to the jurisdiction alleging that it was entitled to immunity from suit under the Texas Tort Claims Act. On appeal, the City argues that: (1) the City is entitled to sovereign immunity because Rodriguez has not raised an issue of material fact regarding whether there is a nexus between her injuries and Treviño's use of the City's vehicle; (2) Rodriguez should be judicially estopped from asserting

that the collision with Treviño was the cause of her injuries because she previously filed a suit alleging that defects in the vehicle in which she was a passenger were the cause of her injuries; and (3) the trial court erred in overruling the City's objections to Rodriguez's rebuttal evidence. We overrule the City's points of error and affirm the trial court's order denying the City's plea to the jurisdiction.

## BACKGROUND

This case arises out of a car accident between a vehicle driven by Rosita Paez Davila, in which Rodriguez was a passenger, and a city-owned vehicle driven by Treviño. While driving on Loop 1604, Treviño's vehicle and Davila's vehicle collided. At some point after the vehicles collided, Davila turned her steering wheel sharply to the left, causing her to lose control of her vehicle and crash into a retaining wall. The collision with the retaining wall, which caused Davila's vehicle to roll over, killed Davila and seriously injured Rodriguez.

The crash was investigated by multiple individuals, including crash-site investigators employed by the San Antonio Police Department (SAPD), members of the Department of Public Safety's (DPS) crash-site reconstruction team, and an independent crash-site investigator hired by the City, all of whom were deposed regarding their conclusions. The only physical evidence found on or near the roadway was a "yaw mark," which the investigators agree was the result of a sharp steering input by Davila. There was no other physical evidence, such as a debris field, indicating the location where the vehicles first made contact. There were also no eyewitnesses to the collision.

Rodriguez filed suit against the City alleging, among other things, that her injuries were a result of Treviño's negligence. Rodriguez also filed a suit against Chrysler Group, LLC alleging the unreasonably dangerous and defective design, manufacture, assembly, marketing, and/or

testing of Davila's vehicle were a proximate cause of Rodriguez's injuries. Rodriguez's claims against Chrysler were later nonsuited.

The City filed a plea to the jurisdiction and a no-evidence motion for summary judgment alleging that Rodriguez had not raised an issue of material fact regarding whether there was a nexus between Davila and Treviño's collision and Davila's collision with the retaining wall, and that Rodriguez had judicially admitted her injuries were a result of Chrysler's product defects. The trial court held a hearing on the City's no-evidence motion for summary judgment and plea to the jurisdiction, and it denied both. The City appeals only the trial court's denial of its plea to the jurisdiction.

### STANDARD OF REVIEW

Subject-matter jurisdiction is a question of law that we review de novo. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of San Antonio v. Estrada*, 219 S.W.3d 28, 31 (Tex. App.—San Antonio 2006, no pet.). In order to defeat a plea to the jurisdiction, the pleadings must affirmatively demonstrate a trial court's subject-matter jurisdiction by alleging a valid waiver of immunity. *Miranda*, 133 S.W.3d at 226; *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Similarly, we review undisputed evidence of jurisdictional facts de novo to determine whether a trial court has jurisdiction. *Miranda*, 133 S.W.3d at 226. "However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact." *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, a reviewing court must consider evidence relevant to the jurisdictional question when necessary to resolve the issue. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam); *Miranda*, 133 S.W.3d at 227.

The standard of review for a plea to the jurisdiction closely resembles that of a summary judgment. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *Miranda*, 133 S.W.3d

at 228.  Thus, in order to meet its burden, the governmental unit is required to present evidence that the trial court lacks subject-matter jurisdiction.  *Miranda*, 133 S.W.3d at 228.  If the jurisdictional facts are intertwined with facts relating to the merits of the suit, the plaintiff is simply required to show that there is a disputed issue of material fact that must be decided by the fact finder.  *Id.*; *see also Hayes*, 327 S.W.3d at 116.  "When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant."  *Miranda*, 133 S.W.3d at 228; *see also Heinrich*, 284 S.W.3d at 378.  We also "indulge every reasonable inference and resolve any doubts in the nonmovant's favor."  *Miranda*, 133 S.W.3d at 228.  "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law."  *Id.*

### IS THERE A QUESTION OF FACT PREVENTING THE APPLICATION OF IMMUNITY?

In its first issue, the City asserts that Rodriguez has not shown that a disputed issue of material fact exists with regard to any nexus between her injuries and the collision with Treviño's vehicle and, thus, the trial court erred in denying its plea to the jurisdiction.  Additionally, in its third issue, the City asks us to determine the admissibility of the City's investigators' accident report, the Department of Public Safety's investigators' accident report, and an agreed order of suspension entered into between the Chief of Police, William McManus, and Treviño.  Because most of this evidence is cumulative of other evidence in the record and because the remainder of the record contains enough evidence to raise a question of fact, we do not need to rely on this evidence to make a determination about whether the trial court has jurisdiction.  Therefore, we decline to rule on the admissibility of these pieces of evidence at this stage in the proceedings.

The City claims "[t]here is no evidence as to which vehicle hit the other to cause the initial contact" and that "the evidence is undisputed that the impact between the vehicles was minor and

of a nature that should not hurt anyone or have caused anyone to lose control of their vehicle." The City further contends that: (1) Davila was approximately 420 feet from the entrance ramp Treviño used when she lost control of her vehicle; (2) the collision between Davila and Treviño's vehicles happened near the entrance ramp; (3) because Davila was approximately 420 feet from the entrance ramp when she lost control, her excessive steering input could not have been caused by the collision with Treviño; and (4) Davila's excessive steering input to the left was the cause of her loss of control and subsequent crash into the retaining wall. Essentially, the City's argument hinges on the theory that the collision between Treviño and Davila was unrelated to Davila's subsequent crash.

First, we note that contrary to the City's assertions, the evidence in this case is vigorously disputed. In support of her position that there is a fact question regarding whether her injuries were caused by Treviño's use of his vehicle, Rodriguez points to numerous pieces of evidence that contradict the City's assertions. After reviewing the plethora of evidence already adduced in this case, we conclude there are multiple jurisdictional fact issues intertwined with the merits of the case that must be decided by a finder of fact.

### A. Sovereign Immunity

A trial court lacks subject-matter jurisdiction over lawsuits in which a governmental unit has sovereign immunity, unless the State has waived immunity to suit under the Texas Tort Claims Act (TTCA). *Miranda*, 133 S.W.3d at 224; *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). The TTCA waives sovereign immunity when an individual's injuries are caused by the operation or use of a government-owned motor vehicle. *Miranda*, 133 S.W.3d at 225; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(a) (West 2011). Sovereign immunity can be properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26.

In order to show waiver of immunity, a plaintiff must present evidence that its injuries arose from the operation or use of a government-owned motor-driven vehicle. *Whitley*, 104 S.W.3d at 542–43. To show that the injuries arose from the operation or use of a motor-driven vehicle, the plaintiff must show a nexus between the injuries and the use of the vehicle. *Id.* This requires a showing that the vehicle's use actually caused the injury. *Id.* "The operation or use of a motor vehicle 'does not cause injury if it does no more than furnish the condition that makes the injury possible.'" *Id.* (quoting *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998)). This comports with the TTCA's intention that the waiver of sovereign immunity be limited. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *see also Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

### B.  Equal Inference Rule

Although the City's opening brief claims there is no evidence regarding who caused the collision between Treviño and Davila, the City's reply brief concedes that there is a question of fact regarding who caused that collision. The City focuses its argument on the link between the Davila–Treviño collision and Davila's steering input by claiming there is no evidence indicating that it is more likely that Davila's swerving was an overcorrection resulting from the collision than that Davila swerved for some other reason. Specifically, the City asserts that "it is just as likely that the initial contact did not cause Davila's subsequent overcorrection as it is that it did" so the equal inference rule prevents inferences regarding the cause of Davila's overcorrection from raising a question of fact that would bestow the trial court with jurisdiction.

We first note that it is unclear whether the equal inference rule applies to an interlocutory appeal of a ruling on a plea to the jurisdiction. This is because the equal inference rule is generally applied when reviewing no-evidence motions for summary judgment and appeals challenging the

sufficiency of the evidence after a trial. *See City of Keller v. Wilson*, 168 S.W.3d 802, 813–14 (Tex. 2005). A ruling on a plea to the jurisdiction, however, is generally reviewed in the same manner as a ruling on a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228. It is unclear whether the differences in these standards would preclude application of the equal inference rule in this case. We do not need to reach that decision because assuming, without deciding, that the equal inference rule applies, the City's claim still fails.

"The equal inference rule provides that a jury may not reasonably infer an ultimate fact from meager circumstantial evidence 'which could give rise to any number of inferences, none more probable than another.'" *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001) (quoting *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997)). "When the circumstances are equally consistent with either of two facts, neither fact may be inferred." *City of Keller*, 168 S.W.3d at 813 (quoting *Tubelite, a Div. of Indal, Inc. v. Risica & Sons, Inc.*, 819 S.W.2d 801, 805 (Tex. 1991)) (internal quotation marks omitted). "In such cases, we must 'view each piece of circumstantial evidence, not in isolation, but in light of all the known circumstances.'" *Id.* at 813–14 (quoting *Lozano*, 52 S.W.3d at 167).

The City argues that Rodriguez's claim cannot succeed because her pleadings claim Treviño hit Davila as he entered onto Loop 1604, but the yaw marks did not appear until about 400 feet away from the entrance ramp. The importance of this alleged discrepancy, the City argues, is that if the initial collision happened close to the entrance ramp, Rodriguez cannot explain the long distance between the collision and the place where Davila swerved. According to the City, Rodriguez must also allege Davila was hit close to the entrance ramp because, if not, Treviño could have already established his lane and the accident could be Davila's fault.[1]

---

[1] As previously mentioned, the City has already admitted that the fault associated with the initial collision is a question of fact, so this assertion seems to implicitly recognize that the initial collision and the swerving and subsequent rollover

William Colthrap, the independent crash-site reconstruction expert hired by the City, agreed that there was no evidence in this case to suggest that some other stimulus caused Davila's overcorrection, and that Davila's loss of control was likely a result of her panicking and overcorrecting after the collision with Treviño. Additionally, in Treviño's initial statement to a police officer at the scene of the accident, Treviño stated that he "felt a bump" and thought his car "was going to flip over."

Moreover, the deposition testimony of Colthrap and Corporal Keith Olive, a member of the DPS crash-site reconstruction team, indicates that both believed the collision between Davila and Treviño was related to Davila's overcorrection. Because there was no physical evidence indicating where the collision occurred, both men hypothesized about the most likely location of the collision. While they both testified that there was no way to know with certainty, both experts surmised that the collision probably happened closer to the yaw mark than to the entrance ramp. They arrived at this inference because it does not make sense that the collision would have occurred closer to the entrance ramp and then Davila would have driven hundreds of feet, without any evidence of problems, before losing control for no apparent reason. Thus, the experts recognized that the collision and Davila's overcorrection were likely related events, especially in the absence of evidence of any other reason why Davila may have swerved.

Nonetheless, the City argues: "It may be that the two events are connected, but there is no direct evidence." This assertion ignores the fact that material facts can be, and regularly are, proven by circumstantial evidence. *Lozano*, 52 S.W.3d at 149; *see also Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Inferences supported by circumstantial evidence are not the same as mere equally speculative inferences. *See Lozano*, 52 S.W.3d at 148. The equal

---

were linked because it would not matter who was at fault for the initial collision if the events were independent of each other.

inference rule applies when meager circumstantial evidence gives rise to multiple inferences that are equally probable to have occurred because they are based on pure speculation, not on opposing inferences that can reasonably be drawn based on the evidence. *Id.* "[C]ircumstantial evidence is not legally insufficient merely because more than one reasonable inference may be drawn from it." *Id.* "If circumstantial evidence will support more than one reasonable inference, it is for the jury to decide which is more reasonable . . . ." *Id.* In such cases, the fact finder "is entitled to consider the circumstantial evidence, weigh witnesses' credibility, and make reasonable inferences from the evidence it chooses to believe." *Id.* at 149; *see also Bay Rock Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 298 S.W.3d 216, 229 (Tex. App.—San Antonio 2009, pet. denied).

The record is devoid of any other reason why Davila might have swerved so soon after colliding with Treviño's vehicle. It is reasonable to infer that the collision with Treviño caused Davila to overcorrect, thus causing her loss of control and subsequent collision with the retaining wall. Indulging every reasonable inference and resolving doubts in Rodriguez's favor, we conclude Rodriguez has raised a question of fact precluding a waiver of immunity. *See Miranda*, 133 S.W.3d at 228. Accordingly, the trial court properly denied the City's plea to the jurisdiction.

### IS RODRIGUEZ JUDICIALLY ESTOPPED FROM CLAIMING HER INJURIES WERE A RESULT OF THE COLLISION?

After the accident, Rodriguez filed suit against Chrysler Group, LLC alleging various product defects in Davila's vehicle. Rodriguez has since nonsuited her claims against Chrysler. Nevertheless, the City claims that Rodriguez should be judicially estopped from suing it because, according to the City, Rodriguez sued Chrysler for the same injuries for which she is now suing the City and because Rodriguez's pleadings in the Chrysler case alleged that her injuries were a result of the product defects, not Treviño's negligent use of the City's vehicle.

Factual assertions in a party's live pleadings that are not pled in the alternative are considered formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). Judicial admissions conclusively establish the fact admitted and alleviate the opposing party from introducing pleadings or evidence on the matter. *Wolf*, 44 S.W.3d at 568; *Musick*, 650 S.W.2d at 767. "The doctrine of judicial estoppel 'precludes a party from adopting a position inconsistent with one that it maintained successfully in an earlier proceeding.'" *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008) (quoting 2 ROY W. MCDONALD & ELAINE G. CARLSON, TEXAS CIVIL PRACTICE § 9.51 at 576 (2d ed. 2003)). "Accordingly, a party cannot be judicially estopped if it did not prevail in the prior action." *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009) (per curiam) (citing *Long v. Knox*, 291 S.W.2d 292, 295 (Tex. 1956)). The policy behind judicial estoppel "is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage" and "to prevent parties from playing fast and loose with the judicial system for their own benefit." *Id.*; *Pleasant Glade*, 264 S.W.3d at 6 (quoting *Andrews v. Diamond, Rash, Leslie & Smith*, 959 S.W.2d 646, 650 (Tex. App.—El Paso 1997, writ denied)) (internal quotation marks omitted).

First, the City cannot prevail on its judicial estoppel claim because Rodriguez was not successful in her other proceeding—she nonsuited all of her claims against Chrysler. More importantly, though, the City cannot prevail because her claims against Chrysler were not inconsistent with her claims against the City. The factual pleadings in Rodriguez's petition against Chrysler allege that Davila "was struck by another vehicle being driven by Gabriel Treviño causing control of the vehicle to be lost and ultimately" causing the vehicle to roll over. She then asserts that Davila was killed and she was injured when "the vehicle which she was riding in failed to protect her." Rodriguez's pleadings also say the defects were "*a* producing and/or proximate cause

of the Plaintiff's injuries," but that does not necessarily mean they were the only cause. Further, Rodriguez's responses to her request for admissions many times state that she "denies in part that Chrysler was the only cause of said damages." Our review of the pleadings and request for admissions filed in the Chrysler case leads to the conclusion that Rodriguez's intent was not to play fast and loose with the courts; rather, it appears Rodriguez was pleading that Treviño's negligence and the product defects were concurrent causes of her injuries. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992) ("There can be concurrent proximate causes of an accident."). Therefore, the doctrine of judicial estoppel does not bar Rodriguez's claim against the City.

## CONCLUSION

Based on our review of the record, we conclude Rodriguez has presented evidence that raises a question of fact regarding whether a nexus exists between the initial collision and the subsequent collision into the retaining wall, thereby preventing the City from prevailing on its plea to the jurisdiction. We also conclude Rodriguez is not estopped from suing the City because the claims raised against Chrysler were not the type contemplated by the doctrine of judicial estoppel. Accordingly, we affirm the trial court's order.

Catherine Stone, Chief Justice