**REVERSE and REMAND; Opinion Filed August 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01084-CV

## DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH AND HOSPITAL SYSTEM, Appellant

### V.

## LAURA CONSTANTINO, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02236-I**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

Dallas County Hospital District d/b/a Parkland Health and Hospital System appeals that part of the trial court's interlocutory order denying its plea to the jurisdiction in Laura Constantino's suit for personal injuries. We reverse and remand.

### Background

Constantino sued Parkland after sustaining injuries to her arm and shoulder when a television set fell on her while visiting a Parkland patient. Parkland furnishes television sets in patient rooms for use by patients and visitors. The televisions are installed in the rooms with a wall mounting bracket and a TV bracket. The wall mounting bracket affixes to the wall using toggle bolts, which prevent the screws from coming out of the studs in the wall. The TV bracket secures to the frame of the television and also attaches to the wall mounting bracket with a single

bolt. At the time of the incident giving rise to the facts in this case, the bolt attaching the TV bracket to the wall mounting bracket was held in place with a standard nut that was capable of coming unscrewed. Parkland had installed televisions in certain patient rooms using these mechanisms for fifteen to twenty years. The system of using the TV bracket and wall mounting bracket allowed Parkland to efficiently remove the televisions for replacement or repairs as needed.

Constantino alleged that she was in the patient's room when "a nut, bolt and set screw" of Parkland's television and TV bracket failed, causing the television and bracket to fall from the wall. No one was using the television at the time it fell. When the television fell, the TV bracket remained attached to the television, and the wall mounting bracket remained affixed to the wall. Parkland employees concluded the "nut backed off the bolt" that secured the TV bracket to the wall mounting bracket. Parkland had received no reports of prior injuries or any potential dangers presented by this television, and each television in the nearby rooms was installed in the same manner. After the television fell, Parkland reinstalled the television using a longer bolt with a locking nut, made sure the set screw was tightened and in place, added a washer, and attached a safety cable for security. And although Parkland found no failings with any of the bracket mechanisms in the nearby rooms, Parkland made the same changes to those TV brackets to prevent another accident.

In her live pleading, Constantino alleged that Parkland was negligent when it furnished personal property for use that was unsafe. More specifically, Constantino alleged that Parkland used "a non-locking nut instead of a lock nut," "a bolt without a set screw or without a properly tightened set screw," and "the above bolt and non-locking nut without a lock washer." She also alleged that Parkland allowed the television and its bracket to be swiveled and manipulated "so that the nut could back off the bolt allowing the television to fall." She maintained that Parkland

had no inspections or inspection procedure for the television or its bracket, and its negligent acts created a dangerous or unreasonably dangerous condition, of which Parkland should have known and she did not know. She further maintained that Parkland negligently failed to correct or warn of the dangerous condition. She alleged that Parkland's immunity was waived because her injuries "were caused by a condition or use of tangible personal property or real property" in a situation in which Parkland would be liable if it were a private person. Alternatively, she alleged that the condition of the property was a premises defect that posed an unreasonable risk of harm.

After some discovery, Parkland filed a plea to the jurisdiction, asserting immunity from suit. Parkland first argued that this is a premises-defect case and Constantino failed to establish a waiver of immunity under section 101.022 of the Texas Tort Claims Act because there was no evidence Parkland had any knowledge of the alleged condition that caused Constantino's injuries. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022 (West 2011). In a supplemental plea to the jurisdiction, Parkland also argued that its immunity was not waived for Constantino's claims related to a condition or use of tangible personal property under section 101.021(2) of the Act because, among other things, this claim was a recast of her premises-defect claim. *See id.* § 101.021(2). Both parties presented evidence as part of the jurisdictional proceeding. After a hearing, the trial court signed an order (1) granting Parkland's plea as to Constantino's claim under section 101.022 of the Act and dismissing Constantino's premises defect claim against Parkland and (2) denying the plea as to Constantino's claims under section 101.021(2) related to the "condition or use" of tangible personal or real property. The trial court did not specify a basis for the denial.

Parkland challenges that part of the trial court's order denying its plea to the jurisdiction in this interlocutory appeal. *See id.* § 51.014(a)(8) (West Supp. 2013). In a single issue,

Parkland argues that the trial court erred when it denied its plea and ruled that Constantino's claim under section 101.021(2) could proceed.

**Legal Standards**

Governmental immunity protects any constitutionally or legislatively-created institution, agency, or organ of government, like Parkland, from suit and liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(D) (West Supp. 2013); *see also* TEX. CONST. art. IX, § 4 (creation of hospital districts); TEX. HEALTH & SAFETY CODE ANN. § 281.0282 (West 2010) (Dallas County Hospital District). Immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction are questions of law. *Id.* at 226; *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 28 (Tex. App.—Dallas 2012, pet. denied). We therefore review de novo a trial court's ruling on a jurisdictional plea. *Miranda*, 133 S.W.3d at 226.

A governmental unit's jurisdictional plea can be based on the pleadings or on evidence. *Id.* When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.*; *Leggett*, 396 S.W.3d at 28. We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent, accepting as true the facts alleged. *Miranda*, 133 S.W.3d at 226, 228.

When a plea challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Id.* at 227; *Leggett*, 396 S.W.3d at 28. In reviewing such a plea, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor.

*Miranda*, 133 S.W.3d at 227–28. This standard mirrors our summary-judgment standard under Texas Rule of Civil Procedure 166a(c) and places the burden on the governmental unit, as movant, to meet the standard of proof to support its contention the trial court lacks subject-matter jurisdiction. *Id.* at 228. Once the governmental unit asserts and provides evidentiary support for its plea, the plaintiff is then required to show only that a disputed fact issue exists. *Id.*; *Leggett*, 396 S.W.3d at 28. If the evidence creates a fact question on the jurisdictional issue, the trial court cannot grant the plea; rather the fact issue is for the fact finder to resolve. *Miranda*, 133 S.W.3d at 227–28. If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issues, the trial court rules on the plea as a matter of law. *Id.* at 228.

### Applicable Law

Governmental immunity is waived under the Act for, among other things, personal injury caused by (1) "a condition or use of tangible personal or real property" and (2) premises defects. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.022. The duty owed a plaintiff is part of the waiver analysis under the Act. *See id.* For example, if a claim for personal injuries arises from a condition or use of tangible property, governmental immunity is waived only to the extent that a private person would be liable to the plaintiff under Texas law. *Id.* § 101.021(2). If a claim for personal injuries arises from a premises defect, the governmental unit owes the plaintiff a more limited duty; it generally owes "only the duty that a private person owes to a licensee on private property." *Id.* 101.022(a); *see also Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex, 2002) (per curiam). This limited duty requires the owner of the premises to avoid injuring the plaintiff through willful, wanton, or grossly negligent conduct and to use ordinary care either to warn the licensee of, or make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.). But if the plaintiff pays for the use of the premises, the governmental unit owes

the plaintiff the duty owed to an invitee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). That duty "requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

**Discussion**

Parkland first argues that both of Constantino's claims arise from the same set of facts—the alleged spontaneous fall of the television set on her shoulder when no one was using the television—and Constantino may not recast the same facts that make up her premises-defect claim as a claim relating to the negligent condition or use of tangible property. In making this argument, Parkland relies on cases that follow the Texas Supreme Court's pronouncement in *Miranda* that the Act's limited waiver of immunity does not permit a plaintiff to avoid the "heightened standard of a premises defect claim" in section 101.022 by recasting the same facts as a claim relating to the negligent condition or use of tangible property. *Miranda*, 133 S.W.3d at 233; *see also Univ. of Tex. Sw. Med. Ctr. v. Munoz*, No. 05-11-01220-CV, 2012 WL 2890366, at *3 (Tex. App.—Dallas July 13, 2012, pet. denied) (mem. op.).

Constantino responds that she is "not guilty of *Miranda*'s recasting proscription" because her "first and primary claim for immunity" involves negligence related to the condition or use of tangible personal property. She maintains that allegations and proof that a governmental unit furnished inadequate or defective equipment or negligently failed to furnish equipment that is not inadequate or defective are sufficient to establish a waiver of immunity arising from a condition or use of tangible personal property.

While we agree that allegations and proof that property furnished by a governmental unit is defective are part of a claim under the Act based on the condition of property, *see Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983), there also must be an allegation supporting

–6–

a viable theory of liability to establish a waiver of immunity under the Act. That is because Parkland's immunity from suit for personal injury claims so caused by a condition or use of tangible property is waived only to the extent that a private person would be liable to Constantino under Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *see also Ramirez*, 74 S.W.3d at 866 ("immunity from suit for tort claims is waived to the extent the Act creates liability"). In other words, a claim for personal injury due to a condition of the television and TV bracket would be subject to a waiver of immunity only to the extent that the same theory is recognized as against non-governmental parties. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *see also City of Houston v. Harris*, 192 S.W.3d 167, 177 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (Edelman, J., concurring) (noting that products liability would be a theory of liability based on condition of personal property). And Constantino bears the burden to plead facts that demonstrate a waiver of immunity. *Miranda*, 133 S.W.3d at 226.

The essence of Constantino's allegations and evidence is not the "use" of the television and TV bracket;[1] they are that the injury to her shoulder derived from the alleged inadequate or defective condition of the television and TV bracket (in particular, the nut and bolt used to attach the TV bracket to the wall mounting bracket did not protect as they should because the nut was capable of backing off the bolt) as created by Parkland. Specifically, she alleged that (1) the incident giving rise to her injuries occurred on premises owned, operated, and controlled by Parkland; (2) her injuries were caused by a condition of tangible property (the television and TV bracket); (3) Parkland furnished the television and TV bracket for use by patients and visitors; (4) the television and TV bracket were inadequate or defective and lacked the necessary components to render them free from this condition because they were furnished (a) using a non-

---

[1] The term "use" in section 101.021(2) has been defined to mean "to put or bring into action or service; to employ for or apply to a given purpose." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004). Merely furnishing the property that makes the injury possible is not a "use" of the property. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001). Neither party disputes that no one was "using" the television of TV bracket at the time it fell on Constantino.

locking nut instead of a lock nut, (b) without securing the bolt with a properly tightened set screw or a washer, (c) in a way such that when swiveled, the standard nut could back off the bolt, and (d) without a cable to prevent the television from falling; (5) Parkland's negligent acts and omissions "created a dangerous condition, the existence of which [Parkland] knew or in the exercise of reasonable care should have known and of which [Constantino] had no knowledge; and (6) Parkland "negligently failed to correct and failed to warn of the dangerous condition thereby failing to reduce or eliminate the risk which additionally was negligent." Notably, the only duty Constantino alleged in her claim related to the condition (or use) of tangible property arose by virtue of her status as "an invitee or licensee on the premises of [Parkland] at the time," which are duties owed by a premises owner. *See, e.g.*, *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) ("In premises-liability cases, the scope of the duty turns on the plaintiff's status.").

Here, even if we take her pleadings and factual allegations in her amended petition as true, Constantino has not alleged facts supporting, or otherwise asserted, any such claim that would impose liability on a private person for a condition (or use) of tangible property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Rather, the allegations Constantino pleaded as her "primary claim" for a condition (or use) of tangible property embrace the elements of the premises-defect claim that she alleged in the alternative.[2] *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). Indeed, negligence in the context of premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make property safe. *Del Lago Partners*, 307 S.W.3d at 776; *see also Tex. Dep't of Transp. v. Mackey*, 345 S.W.3d 760, 766 (Tex. App.—El Paso

---

[2] In the alternative, Constantino alleged (1) Parkland was the owner of the premises; (2) the condition of the property—the wall mount and television bracket and component parts were a premises defect that posed an unreasonable risk of harm of which Parkland knew and she did not know; (3) Parkland created the dangerous condition and had actual knowledge of the relevant condition; and (4) Parkland was negligent in failing to adequately warn her of the condition and make the condition reasonably safe.

2011, pet. denied) (premises cases are "predicated on a property possessor's failure to warn or make safe dangerous or defective conditions on property")

In asserting that her primary claim is not a premises-defect claim, Constantino makes a distinction between tangible personal property and real property,[3] arguing that because a television, bolt, nut, and set screw are moveable and were not permanently attached to the wall mounting bracket, this is different from a premises claim as "premises" is "generally defined as 'a building or part of a building with its grounds or other appurtenances.'" (quoting *Billstrom v. Mem'l Med. Ctr.*, 598 S.W.2d 642, 646 (Tex. App.—Corpus Christi 1980, no writ)). She relies on her evidence showing that the TV bracket was not permanently welded or attached to the wall mounting bracket by other means such that the television could be easily replaced as needed. But the removability or temporary nature of a piece of property on a premises does not convert a premises-defect claim into a viable negligence claim, particularly in the face of pleadings that allege a duty owed by a premises owner, and therefore, this evidence does not raise a fact question on the jurisdictional issue. For example, in *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997), Olivo sued for injuries he sustained when he slipped and fell on drill pipe thread protectors that had been left on the ground during the previous shift. The Texas Supreme Court said that this was a premises-defect case. *Id.* If a person is injured as a result of a condition of the premises—including property just left on the ground of the premises—rather than any conduct occurring at the time of the injury, she has a premises defect cause of action. *Harris*, 192 S.W.3d at 176 (citing *Olivo*, 952 S.W.2d at 527); *see also City of San Antonio v. Estrada*, 219 S.W.3d 28, 32 (Tex. App.—San Antonio 2006, no pet.).

---

[3] She concedes that the trial court's order "effectively grants Parkland's Pleas to the Jurisdiction as to her 'condition or use of . . . real property'" claim.

Once a claim is determined to be that of a premises defect under section 101.022, we must analyze it as such, and the plaintiff is limited to the provisions delineated by the section on premises defects. *Miranda*, 133 S.W.3d at 233. In this case, we conclude that based on the allegations raised in her amended petition, Constantino did not allege a negligence claim related to the condition of tangible property; rather, her allegations support only a claim for injuries caused by a condition of the premises. Thus, to the extent she asserts a claim for injuries caused by the condition or use of tangible property, specifically that the television and TV bracket were furnished in an inadequate or defective condition and that the use of certain components instead of other components caused her injuries, this is simply a recasting of her premises-defect claim as a negligent condition claim for which immunity has not been waived. *Id.*; *Munoz*, 2012 WL 2890366, at *3.

We recognize that another panel of this Court recently concluded that allegations related to the unsecured state of a whiteboard were sufficient to allege a negligence claim for injuries proximately caused by the defective condition of the whiteboard such that immunity was waived under section 101.021(2). *See Dallas Metrocare Servs. v. Juarez*, No. 05-11-01144-CV, 2014 WL 2993808, at *3 (Tex. App.—Dallas June 30, 2014, no pet. h.) (mem. op. on remand). *Juarez*, however, is silent on the duty alleged by the plaintiff. And here, the specific duty Constantino alleged that she was owed was the duty owed by a premises owner to an invitee or licensee. In addition, that panel added that even if they agreed Juarez alleged only a premises-defect claim, the result would be the same as Metrocare did not show that it was entitled to dismissal of Juarez's claims because the pleadings and proof did not negate Juarez's status as an invitee. *Id.* at *4. But in the face of a pleading by the plaintiff that essentially alleges a premises-defect claim and not a "condition or use" of tangible property claim, we conclude that *Juarez* is not controlling.

Although we have concluded that based on Constantino's pleadings we must analyze her claim as a premises-defect case, her petition does not affirmatively demonstrate that she cannot cure the pleading defects and state a claim against Parkland within the waiver of immunity under section 101.021(2). *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (plaintiff may be afforded opportunity to amend if petition does not affirmatively demonstrate incurable defects in jurisdiction). We sustain Parkland's issue on appeal and reverse that part of the trial court's order denying Parkland's plea to the jurisdiction as to Constantino's claims under section 101.021(2). But because we conclude Constantino should be afforded an opportunity to amend her petition to plead facts showing subject-matter jurisdiction, we remand this case for further proceedings.

/Ada Brown/
ADA BROWN
JUSTICE

131084F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND HEALTH
AND HOSPITAL SYSTEM, Appellant

No. 05-13-01084-CV          V.

LAURA CONSTANTINO, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02236-I.
Opinion delivered by Justice Brown.
Justices Moseley and Lang participating.

In accordance with this Court's opinion of this date, that part of the trial court's July 23, 2013 order denying appellant Dallas County Hospital District d/b/a Parkland Health and Hospital System's plea to the jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant Dallas County Hospital District d/b/a Parkland Health and Hospital System recover its costs of this appeal from appellee Laura Constantino.

Judgment entered this 7th day of August, 2014.